GILLIAM v. MAHON et al. (No. 241–3433.)

(Commission of Appeals of Texas, Section B. June 8, 1921.)

1. Wills ⬤⟳439—Cardinal rule of construction is to ascertain intention.

The cardinal rule in the construction of every will is to arrive at the intention of the testator, which must be given effect unless contrary to public policy or forbidden by some inflexible rule of law.

2. Wills ⬤⟳601(1)—Provision giving fee to wife held not cut down by subsequent ambiguous provision.

A will providing that "I give and bequeath to my wife all my real and personal property, * * * also my granddaughter to have equal share with all my heirs when the property is divided," gave the property to the wife in fee, as the clear gift in fee could not be cut down by the subsequent ambiguous clause.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by R. A. Gilliam, guardian and executor, against Mittie Gibson Mahon and others to construe a will. A judgment of the district court was reversed by the Court of Civil Appeals (215 S. W. 124), and plaintiff brings error. Reversed, and judgment of the District Court affirmed.

Cockrell, Gray, McBride & O'Donnell, of Dallas, for plaintiff in error.

J. J. Eckford and Lee Richardson, both of Dallas, for defendants in error.

KITTRELL, J. The action out of which the appeal in this case arose was brought for the purpose of construing the will of S. A. Mahon, who died at Dallas, on November 16, 1912. He left surviving him a widow, Alice A. Mahon, who, subsequent to his death, became hopelessly insane and so remains.

S. A. Mahon had been married prior to his marriage with Alice A. Mahon, and by his first marriage had one son, whose death preceded that of his father by several years. The defendant in error, Mittie Mahon, is a daughter of that son, and consequently a granddaughter of the testator, S. A. Mahon.

At the death of said testator his heirs were Sidney A. Mahon, a son, Nettie Pauline Mahon, a daughter, and Margaret Mahon Brickel, a daughter, who were all children of the testator and his wife Alice Mahon; and the fourth and last heir was, and is, the said Mittie Mahon, a daughter of the son by the first marriage of the testator, as above stated.

The daughter, Margaret Mahon, prior to 1912 married Joseph H. Brickel, and survived her father, but died in the year 1918, leaving a will in terms as set forth below, which will was duly probated in Dallas county. The construction of that will is in no wise involved in this proceeding, except to show proper parties. It reads as follows:

"Nov. 30, 1917, Monravia, Calif.

"This my will dated Nov. 30, 1917. I want Mr. R. A. Gilliam, with the assistance of my sister, Nettie, to administrate my affairs.

"First, Lucile Brickel to have my one-half of home place owned with her.

"All my other property I want my mother, Mrs. Alice Mahon, to have, and if the income is not enough with her own to give her every comfort I want such property as can be sold even at a sacrifice to be used for that purpose.

"At my mother's death I want my sister Nettie to have one-half of the property, and the other half to be equally divided between my niece, Mittie Mahon, and my sister-in-law, Mrs. Mittie Gibson Mahon and Mrs. Lyda Thompson Mahon.

"Mrs. J. H. Brickel.
"Mrs. Margaret Mahon Brickel."

The will left by S. A. Mahon at the bottom, and just above the signature, bears date September 12, 1912, and reads as follows:

"State of Texas, County of Dallas:

"Dallas, Texas, Sept. 23, 1912.

"Know all men by these presents that I, S. A. Mahon, of the state of Texas, county of Dallas, have this day executed my will and testament, being of good mind, willed to my wife, Alice A. Mahon, of the above state and county in the event of my death I give and bequeath to my wife Alice A. Mahon, all my real and personal property and all my interest in the New York Life Insurance Co. All debts to be paid, also my granddaughter Mittie Mahon to have equal share with all my heirs when the property is divided.

"Witness my hand this Sept. 12, 1912.
"[Signed]    S. A. Mahon."

The case was tried in the district court without a jury, and the trial judge phrased his conclusion of law as follows:

"The court is of the opinion, and so decrees, that the will of the said S. A. Mahon vested in the said Alice A. Mahon, his surviving wife, all the estate, real, personal and mixed, owned by the said S. A. Mahon at his death, and so construes the will, and has entered decree herein accordingly."

The Court of Civil Appeals construed the will as vesting only a life estate in Mrs. Alice A. Mahon, and reversed the judgment of the district court, and rendered judgment for appellants in that court (defendants in error here). Defendants in error filed no brief or written argument in this court, resting their case on their brief in the Court of Civil Appeals and oral argument in this court.

Plaintiff in error makes the same contention here as he made in the Court of Civil Appeals, and presents in his application for writ of error two assignments, which, taken together, mean the same thing, viz.: That the will vested a fee-simple estate in Alice A.

Mahon as the district court held; and that the Court of Civil Appeals erred in holding to the contrary. Under these two assignments he states four propositions, which, in view of the facts and the terms of the will, can be fully and fairly condensed as follows:

"Where by its terms a will purports to vest a fee-simple title absolute in the first taker, coupled with an unlimited power of control and disposition, a subsequent direction in the will limiting any undisposed residue over to others is void, and the first taker's fee-simple title is unaffected thereby, since, where the first clause clearly vests a fee-simple title in the wife, such title will not be disturbed or cut down by a subsequent clause which is uncertain and ambiguous in its meaning."

The counter contention of defendants in error can be stated fairly in the following form:

"That effect should be given to the entire instrument according to the intention of the testator, and when in the first clause of the will he gives all his property to his wife, and in the second clause says his granddaughter is 'to have' an equal share when the property is divided, the will should be construed as vesting an estate in the wife only for life, or until the same shall be divided, and after her death, or when the property is divided to vest the title in the heirs, including the granddaughter. Since no power of disposition is given by the terms of the will the wife is vested only with an estate for life or until the property is divided, as the expression of the intention or desire on the part of the testator that his granddaughter should have a certain interest has the same force and effect as if the estate had been devised in express terms."

In support of the contentions thus phrased defendants in error cited in the Court of Civil Appeals the following Texas cases: Faulk v. Dashiell, 62 Tex. 652, 50 Am. Rep. 542; McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412; Lake v. Copeland, 82 Tex. 464, 17 S. W. 786; Cleveland v. Cleveland, 89 Tex. 445, 35 S. W. 145; Cottrell v. Moreman, 136 S. W. 124; Dulin v. Moore, 96 Tex. 135, 70 S. W. 742; Wiess v. Goodhue, 98 Tex. 280, 83 S. W. 178; Haring v. Shelton, 103 Tex. 10, 122 S. W. 13.

[1] Most, if not all, of these cases are familiar to the profession, and we shall not undertake to analyze them all or point out their application to the question under discussion. All of them support the rule which prevails in all jurisdictions, that the cardinal rule in the construction of every will is to arrive at the intention of the testator, which intention must be given effect unless it be contrary to public policy or be "forbidden by some inflexible rule of law." There is no difference of opinion between opposing counsel as to the rule—indeed, could not be, as it is not only elementary and fundamental, but inherently logical and just. They differ only upon the question of its application to the facts revealed by the record.

[2] The rule applicable to the instant case is a rule of construction, the purpose of which is to arrive at, or gain, the testator's intention, and which is applied for no other purpose. As is said in Wager v. Wager, 96 N. Y. 174, which case is quoted from by Judge Stayton in McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412:

"The rule that a limitation over to one cannot be based upon a primary devise of an absolute estate to another is founded entirely upon the supposed intention of the testator."

The rule referred to can be correctly and more fully phrased as follows:

"Where the first clause of a will in clear, unambiguous language gives and bequeaths to one devisee all the property real and personal of which the testator dies possessed, such estate so given cannot be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning."

That rule of law has been long established and applied. Careful examination of the cases of McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412, and Dulin v. Moore, 96 Tex. 135, 70 S. W. 742, which are strongly relied upon by defendants in error, reveals that the clause of the will in each case which was held to limit the devises was clear, direct, and unambiguous, and left no doubt as to the intention and desire of the testator, which was, under the terms of the instrument, capable of being practically carried out.

Such is the nature and effect of the first clause of the will of S. A. Mahon, which, in clear and unambiguous terms, vested an estate in fee in his wife in all his property. The clause referring to the granddaughter is secondary only. Were it as clear as the first it would be our duty to reconcile the two, but in view of its ambiguous character the primary clause cannot be affected by it.

If the second clause were given effect the result would be to incorporate all of the heirs of the testator as beneficiaries, though there is no direct intimation on the part of the testator that they were to share, and though they are wholly unmentioned or referred to as beneficiaries under the will. This being true, the rule applicable to the situation forbids such a construction, and demands that the will be construed as vesting an estate in fee to all the property in the wife, provision for whom appears to have been the primary and controlling purpose of the testator, and as to whom only did he express his intention in clear and effectual legal terms.

The following cases support the conclusion reached: Howard v. Carusi, 109 U. S. 725, 27 L. Ed. 1089;[1] Ide v. Ide, 5 Mass. 500; Thornhill v. Hall, 2 Cl. & F. 22; article 1106, Rev. Stat. Tex.; Feegles v. Slaughter, 182 S. W. 10.

It follows from what has been said that the construction put upon the will by the district court was correct, and that the Court

[1] 3 Sup. Ct. 575.

of Civil Appeals erred in holding to the contrary. We therefore recommend that the judgment of the latter court be reversed, and that of the district court be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.