Bennett L. ROSE et al., Appellants,

v.

The EL PASO NATIONAL BANK, El Paso, Texas, as Independent Executor of the Last Will and Testament of Douglas Runyon, Deceased, et al., Appellees.

No. 6220.

Court of Civil Appeals of Texas, El Paso.

Jan. 26, 1972.

Collins, Langford & Pine, John C. Langford, Odell S. Holmes, Jr., El Paso, for appellants.

Mayfield, Broaddus & Perrenot, Francis C. Broaddus, Jr., James B. McIntyre, El Paso, for appellees.

## OPINION

WARD, Justice.

This suit was brought on the theory that in 1946, Douglas Runyon and his wife, Elizabeth, orally contracted that after the execution of a joint and mutual Will wherein the survivor would be devised and bequeathed their entire estate that the survivor would then leave the estate equally divided between the heirs of both Douglas and Elizabeth Runyon. The Plaintiffs below are the heirs at law of Elizabeth Runyon while the Defendants, other than the executor-bank, are the heirs at law of Douglas Runyon. Trial was to the District Court sitting without a jury who found that the Plaintiffs failed to establish any contract or agreement by Will or otherwise between Douglas and Elizabeth Runyon upon which any claim of the Plaintiffs could be supported. Judgment was therefore entered for the Defendants. We affirm the judgment of the trial Court.

Having no children born to their marriage, in 1946 Douglas and Elizabeth Runyon properly executed a simple joint Will which provided that each gave and bequeathed to the survivor, any and all property that they might own at the time of their deaths. No provision was made in the Will for any remaindermen, nor is any reference made as to the disposition of any property before or after the death of the survivor. In 1966, Douglas Runyon had an attorney draft two Wills, one for himself and one for Elizabeth Runyon. These Wills were reciprocal by their terms. The Douglas Runyon Will of 1966 was duly and properly executed by him and basically provided for a life estate in his wife, in the home and twenty acres of land adjacent thereto with the remainder of his estate in trust, the net income to his wife during her lifetime, with the remainder of this trust estate upon her death, to be delivered, share and share alike, to his side of the family, the Appellees. The 1966 reciprocal Will prepared for Elizabeth Runyon basically provided for a life estate to her husband but with the remainder of her trust estate, upon his death, to her side of the family, the Appellants herein.

Elizabeth Runyon never executed the 1966 Will which favored her heirs. She died in April of 1969, and Mr. Runyon had the 1946 Will probated as her last Will. In October of 1969, Mr. Runyon also passed away and thereafter, his 1966 Will was probated. The entire property of these two people was thereby left to the Douglas Runyon heirs to the exclusion of the Appellants. These decedents had been married for many years and all of the estate was community property, consisting in the main of real estate.

Upon request of the Appellants, the trial Court filed findings of fact which were to the effect that no agreement had been entered into between Douglas and Elizabeth Runyon at the time of the execution of the 1946 Will with regard to the disposition of the estate of the survivor, either by the Will or otherwise; that this Will was not contractual in nature; that Elizabeth Runyon knew that Douglas Runyon had

executed his new Will in 1966, and she had refused to execute the 1966 Will prepared for her as it was not what she wished as her Last Will and Testament; that during the year 1966, and thereafter, no definite agreement was ever made by Elizabeth Runyon concerning the making of a mutual Will contractual in nature; that after the death of Elizabeth Runyon, Douglas Runyon stated that he was going to make a new Will which would provide equally for all of the Appellants and Appellees, but this he never did.

■ While we have encountered some difficulty determining the nature of the Appellants' first point, from arguments made in the brief and from the prayer asking for rendition of judgment, the point will be treated as asserting that the evidence establishes conclusively, or as a matter of law, that the 1946 Will was joint, mutual, and contractual, and that a binding contract was entered into between the two people as to the final disposition of the remainder of the estate by the survivor. The methods of proof to establish a contract of this nature are outlined in Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165 (1946). But here the Appellants find themselves in trouble beginning with the Will itself as we find no comprehensive plan such as was present in the Nye case, and in the later Supreme Court cases of Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876 (1948); Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588 (1955); Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621 (1957); See the discussion in 10 Texas Practice, Texas Law of Will, Edward W. Bailey, Secs. 455 and 466. There has been no disposition or attempted disposition of the estate of the survivor. The Will, rather than being evidence of the fact of a complete understanding as to the manner of the disposition of the property by the survivor, is to the effect that the survivor received a fee simple estate with no strings attached. This document as to the remainder is not contractual. Further, as to the terms contained in the Will, in disposing of the property to the survivor, each party disposed only of the property which he or she may have owned or had any interest in at the time of death. There is exhibited no attempt to deal with the entire community estate of both testators in any manner that would effect the survivor's one-half (½) interest or put the survivor to an election. Magids v. American Title Insurance Co., Miami, Fla., 473 S.W.2d 460 (Tex.1971). The Appellants being forced to rely on an oral contract, the trial Court correctly viewed the evidence with suspicion and felt he could only sustain an agreement if it were established by clear and satisfactory evidence. The trial Court not only had the actions of one of the contracting parties refusing to sign a Will which would in effect have carried out the terms of any contract, but he also had the evidence by a caretaker on the decedents' farm stating that Elizabeth Runyon had told him shortly before her death that Douglas Runyon was not obligated in any way by contract or agreement and that "he could do as he pleased" with the estate after her death. Not only does the evidence fail to establish the contract as a matter of law, the trial Court had before him, ample evidence to establish the non-existence of this vital fact.

Though the proposition is not briefed or urged by the parties, any alleged contract between them was clearly revoked before Elizabeth's death and with her full knowledge and consent. After the 1966 Will had been properly executed by Douglas Runyon, Elizabeth Runyon was so informed. She then refused to sign her 1966 Will which would have provided for the Appellants in the manner that they contend, the evidence being uncontradicted that she refused to sign for rather trivial reasons. 10 Texas Practice, Wills, Sec. 459. The impossible position of the Appellants is to the effect that the one on whom they rely

not only acquiesced to a revocation of any possible contract but very effectively repudiated it by her own actions. The first point is overruled.

Under the facts presented to us, an exception of the enforcement of the Statute of Frauds as it relates to real estate is not presented. We do not have the situation of a wrong doing husband secretly changing a Will prior to the death of the wife and then accepting benefits after her death. There is no fraud present nor even emotional shock. Meyer v. Texas National Bank of Commerce of Houston, 424 S.W.2d 417 (Tex.Civ.App.1968); 23 Southwestern Law Journal 114.

■ Complaint is made that the trial Court refused to permit Bennett L. Rose to testify to having heard from Mr. Runyon of the agreement that Mr. and Mrs. Runyon had concerning the property. Objection was made by Appellees that the testimony would violate Art. 3716, Vernon's Ann.Tex.Rev.Civ.Stat.Ann. The Bill of Exceptions reflects that Mr. Rose had heard them talk to the effect that when they died, that the property would be distributed between all parties, but there is no testimony in the bill before us that he had ever heard that there was an agreement between them to that effect. An examination of the Bill of Exceptions does not support the point. Regardless, Mr. Rose as party Plaintiff, filed suit against the executor of the estate of Douglas Runyon to establish himself as a third party beneficiary under an alleged contract made for his benefit by the decedent. Construing the statute narrowly, we feel that any statement by the testator testified to by this party, where judgment could be rendered for or against the executor as such, would be within the terms of the statute. The point is overruled.

Having considered all matters presented, the judgment of the trial Court is affirmed.