**Marguerite CRAIN et al., Appellants,**

**v.**

**Marion Joplin MITCHELL, Ind. & as next friend for Vicki Louise Joplin and Billy Earl Joplin, et al., Appellees.**

**No. 17306.**

Court of Civil Appeals of Texas, Fort Worth.

April 21, 1972.

Rehearing Denied May 19, 1972.

Flowers & Flowers, and John Flowers, Fort Worth, for appellants.

Paul C. Isham, Arlington, for appellees.

## OPINION

LANGDON, Justice.

This is a declaratory judgment suit. The principal question to be determined is whether the joint will of Wilford Aldrich and his wife, Capitola Grace Aldrich, was contractual and therefore irrevocable by the survivor.

On August 17, 1961, Wilford Aldrich and his wife, Capitola Grace Aldrich, executed a joint will. On June 29, 1966, Wilford Aldrich died and the joint will was admitted to probate as a muniment of title only. On May 25, 1967, Capitola Grace Aldrich executed a subsequent will in which she revoked all other prior wills. After Mrs. Aldrich's death, the 1967 will and its codicil of February 7, 1968, were admitted to probate. Mrs. Hazel Shoaf, a niece to Mrs. Aldrich, who qualified and is serving as independent executrix under Mrs. Aldrich's 1967 will, was also named as a trustee in the 1961 joint will. Mrs. Shoaf brought this declaratory judgment action as independent executrix under the 1967 will. The named defendants are all of the beneficiaries under both wills. The appellees consist of Marion Mitchell, who was not a beneficiary under either will (she was given one dollar in the 1967 will) and her two minor children, Vicki Louise Joplin and Billy Earl Joplin, who are beneficiaries under both wills. The appellants consist of all of the remaining defendants who were the beneficiaries under the 1967 will (but not under the 1961 will).

The appellees agree with the above statements with the added notation that all of the appellants except John Richard Payne signed waivers of citation and did not appear in person or by an attorney in the trial court. Mrs. Hazel Shoaf, plaintiff in this suit, is one of the beneficiaries under the 1967 will but has not joined in this appeal. The trial court held that the 1961 will was joint, mutual and contractual, and the beneficiaries under the 1967 will, except Mrs. Hazel Shoaf and the appellees, have appealed that judgment.

The appellants assert that the trial court erred in construing the 1961 will to be contractual and in holding that Capitola Grace Aldrich was bound by its terms and could not change the disposition of her property. The last two points are no evidence or insufficient evidence points to support the court's finding.

We reverse and render.

The language and composition of the 1961 will which are pertinent to this appeal reads as follows:

"KNOW ALL MEN BY THESE PRESENTS: that we, WILFORD ALDRICH and wife, CAPITOLA GRACE ALDRICH, of the County of Dallas, State of Texas, being of sound and disposing mind and memory, in view of the uncertainty of human life and *for the purpose of making the best disposition of our wordly affairs,* do hereby make and publish this *our Last Will and* Testament, hereby *revoking all former Wills, if any, by us* heretofore made. . . .

"SECOND

"*We, and each of us,* do give, devise and bequeath unto the survivor of us all our property, real, personal and mixed.

"THIRD

"*Upon the death of the survivor of us,* or in the event that we should both die as a result of a common accident or disaster, *we give, devise and bequeath all our property to our grandchildren,* Billy Earl Joplin and Vicki Louise Joplin, . . . .

"FOURTH

"In the event that I, Wilford Aldrich, should predecease Capitola Grace Aldrich, then I do hereby appoint Capitola Grace

Aldrich as sole independent executrix, and in the event that Capitola Grace Aldrich should predecease Wilford Aldrich, then I, Capitola Grace Aldrich, do hereby appoint Hazel Shoaf as sole independent executrix *of our Estate*. . . ." We have supplied the added emphasis to denote the words and phrases relied upon by the appellees in support of the court's finding that the will was or is contractual in nature.

■ A joint will is a single testamentary instrument containing the wills of two or more persons. It is executed jointly by the parties to it and disposes of property owned jointly, in common, or in severalty by them. A mutual will is one executed pursuant to an agreement between the parties to it to dispose of their property in a particular manner, each in consideration of the other doing so. 61 Tex.Jur.2d 234, "Wills," § 117.

■ *A will is not necessarily contractual merely because it is executed jointly, even though its terms are mutual and reciprocal.* 61 Tex.Jur.2d 237, "Wills," § 119.

■ Contracts to make wills " . . . are reviewed by the courts with caution; they can be established only by full and satisfactory proof; and no presumptions or inferences will be indulged in favor of them. Kirk v. Beard, supra, [162 Tex. 144] 345 S.W.2d [267] at 272; Sparks, Contracts to Make Wills, supra, 24–38. 'In many cases the courts have declared that contracts to dispose of property in a particular way by will, if oral, are looked upon with suspicion, and are only sustained when established by clear, satisfactory, and convincing evidence.' Rollinson, Wills, 340 (1939). Perhaps a better rule would be to require such agreements to be expressed in writing, but in the absence of that requirement, the courts have supplied safeguards through strict application of rules relating to burden of proof and against inferences and presumptions in favor of such oral contracts.

"It has long been held that the burden of establishing such a contract is upon the party asserting its existence. Nye v. Bradford, [144 Tex. 618, 193 S.W.2d 165] supra; Kirk v. Beard, supra; Kastrin v. Janke, 432 S.W.2d 539 (Tex.Civ.App.1968, writ ref. n. r. e.). Also, as held in the latter case, in order to prevail, the party asserting a binding contract must prove more than a mere agreement to make reciprocal wills. The Kastrin case involved wills of a husband and wife similar to those in the present case. In holding that there was no evidence to support the trial court's judgment that the wills were based upon a mutual and irrevocable contract, the court said:

" 'There are many articles speaking on this point, but we will not burden the record with all of them, but believe the matter is well summed up by the statement in 97 C.J.S. Wills § 1367, at page 299. In that text it is pointed out that the agreement must be definite, defined or certain in all its parts, and clear, both in its terms and as to the subject matter. This text goes on to point out further that the agreement, in order to make the wills mutual and enforceable, must be more than a mere agreement to make wills. It must involve the assumption of an obligation to dispose of the property as therein provided, or not to revoke such wills, which are to remain in force at the death of the testators. . . . ' " Magids v. American Title Insurance Co., Miami, Fla., 473 S.W.2d 460, 464 (Tex.Sup., 1971). See also the additional authorities cited under this case.

■ The joint will involved in this case was not also a mutual will. It was not based upon a prior or contemporaneous agreement by the parties to it to make a joint disposition of their property. In order for a joint will to also be a mutual will it must be shown by extrinsic evidence or from the provisions of the will itself that the parties to it had entered into a contract to make a joint disposition of their property. The burden of proof is upon the party

so contending. Dufner v. Haynen, 263 S. W.2d 662, 664 (San Antonio, Tex.Civ.App., 1953, ref., n. r. e.). See also the authorities cited.

We have made a careful examination of the will involved in this case and have studied the language and terms employed therein by the parties to it. We are unable to find any hint of an agreement or contract on the part of the parties to the will to make a joint disposition of their property.

The only extrinsic evidence appearing in the record is to the same effect. It appears from this evidence that the sole purpose of the joint will was to effect a saving in attorney's fees. The preparation of two wills was more expensive.

Based upon the authorities cited we find and hold that under the facts of this case the will involved was not a joint and mutual will based upon a contract or agreement to jointly dispose of their properties.

The judgment of the trial court is reversed and judgment rendered for appellants.