Philip R. BISHOP, Appellant,

v.

Raymond Eugene SCOGGINS et al., Appellees.

No. 1222.

Court of Civil Appeals of Texas, Tyler.

Sept. 20, 1979.

Rehearing Denied Oct. 25, 1979.

Jack Y. Hardee, Fields, Fields & Hardee, Athens, Karl R. Albert, Bishop, Larimore, Lamsens & Brown, Fort Worth, for appellant.

Jack T. Life, Life & Bolding, Athens, for appellees.

McKAY, Justice.

*Our opinion dated August 9, 1979, is withdrawn, and the following opinion is substituted therefor.*

The principal question in this case is whether the joint will of Paul R. Phillips and his wife, Bobbie A. Phillips, was a mutual and contractual will. The trial court denied the application to probate the joint will as the last will and testament of the survivor, Paul R. Phillips, and granted the application to probate a subsequent will of the survivor as his last will and testament. Appellant Bishop brings this appeal.

On July 14, 1969, Paul R. Phillips and Bobbie A. Phillips, husband and wife, executed a joint will, the pertinent paragraph being as follows:

"It is our will and desire that the survivor of us, PAUL R. PHILLIPS or BOBBIE A. PHILLIPS, as the case may be, shall, during such survivor's natural life, have a life estate in all of the estate of the deceased spouse, including all property of every kind, type, nature and description, to have the use and benefit of said property during such survivor's natural life, and at the survivor's death, the title and fee to all of such property shall vest in PHILIP R. BISHOP."

The will also provided that the survivor be independent executor of the decedent.

Bobbie A. Phillips, mother of appellant, Philip R. Bishop, by a prior marriage, died on August 1, 1974. On January 13, 1975, Paul R. Phillips filed an application to probate the joint will as a muniment of title, and on January 29, 1975, the will was admitted to probate as a muniment of title.

Paul R. Phillips married again on January 31, 1975, to Clara M. Phillips. On February 4, 1975, appellant Bishop and Paul R. Phillips made a partition or division of what was apparently community property, of Bobbie A. Phillips, deceased, and Paul R. Phillips, with appellant receiving (1) $5,000 cash; (2) miscellaneous furniture; (3) 2 lots and a residence in Malakoff, Texas; (4) an option to purchase a commercial building

and lot in Malakoff; and (5) miscellaneous costume jewelry; and Paul R. Phillips received (1) all cash in the Malakoff bank; (2) the Malakoff Insurance Agency building and lot; and (3) all the property in the residence in Malakoff not delivered to appellant.

In August, 1974, Paul R. Phillips executed a subsequent will which purported to revoke all prior wills and which bequeathed all his property to his brothers and sisters or their heirs. On May 9, 1975, Paul R. Phillips executed another will which bequeathed his property to his then wife Clara Phillips, his brother, his sister, the children of his deceased sister, and the widow of his deceased brother. On August 11, 1975, Paul R. Phillips executed another will leaving his property to his brothers and sisters or their surviving spouse or heirs.

Paul R. Phillips died on February 19, 1976, and it is his last will of August 11, 1975, which the trial court ordered admitted to probate. Both the application to probate the August 11, 1975, will of Paul R. Phillips, and the application to probate the joint will of Paul R. Phillips and Bobbie A. Phillips were contested, and then both cases were transferred to the district court where they were consolidated into a single case.

The trial court made extensive findings of fact and conclusions of law. The findings and conclusions pertinent to this appeal are summarized hereinafter.

Appellant is an attorney, and he testified that Paul R. Phillips and Bobbie A. Phillips asked him to prepare the will in controversy here; that they told him that they had agreed that Bobbie A. Phillips would leave Paul R. Phillips a life estate in her entire estate with remainder over to appellant; and that in consideration for that Paul R. Phillips agreed to leave Bobbie A. Phillips a life estate in his entire estate with remainder over to appellant, and in the event Bobbie A. Phillips died first, everything would go to appellant at his death. Appellant further testified that he prepared a will to that effect and sent it to them, but he was not present when it was executed. In his further testimony appellant said they told him that he had prepared the will

according to their instructions, and that Paul R. Phillips separately requested that the will be so written.

Appellant contends that the uncontroverted documentary and testimonial evidence shows that Paul R. Phillips and Bobbie A. Phillips made a joint, mutual and contractual will which became irrevocable upon the death of Bobbie A. Phillips. It is appellant's position that the joint will was a contractual will because it was executed pursuant to an agreement between the makers for a valid consideration, and that the finding of the trial court that Paul R. Phillips and Bobbie A. Phillips did not make a joint and mutual and contractual will is without evidence to support it, or is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

To the contrary appellees maintain that the joint will does not show on its face that it is a mutual or contractual will; therefore, the burden of proof was on appellant to establish that it was mutual and contractual, and that appellant has failed to do so. Appellees further claim that the only evidence tending to support appellant's position that the will is mutual and contractual was the uncorroborated testimony of appellant, an interested party who stood to profit by such a finding by the court, and that the court was free to reject all or any part of his testimony. Appellees also maintain that the trial court correctly found that Paul R. Phillips effectively revoked the joint will after the death of Bobbie A. Phillips by the execution of three subsequent wills, and that such joint will, therefore, was not the last will and testament of Paul R. Phillips.

Vaughn, "The Joint and Mutual Will," found in XVI Baylor Law Review, p. 167 (1964), provides some definitions of terms with which we are here concerned. We quote:

"A joint will is a single testamentary instrument which contains the wills of two or more persons, is executed jointly by them, and disposes of property owned jointly, in common, or severally by them. A mutual will is one executed pursuant to an agreement between two or more persons to dispose of their property in a particular manner, each in consideration of the other. If the testators name each other as beneficiaries, the wills are reciprocal. Two or more wills may be mutual without being joint. A joint and mutual will must be the will of two or more persons contained in a single testamentary instrument, jointly executed by them pursuant to an agreement to dispose of their respective estates to each other or to third parties. Although the initial execution of the will may categorize it as joint and mutual[,] nevertheless, it cannot be given effect as such while one party survives, but, as to him, it will be given effect as his separate will."

See *Nye v. Bradford*, 144 Tex. 618, 193 S.W.2d 165, 166, 169 A.L.R. 1 (Tex.1946); Annotation, 169 A.L.R. 9, 12, 13; *Dickerson v. Yarbrough*, 212 S.W.2d 975 (Tex.Civ.App.—Dallas 1948, no writ); 10 Texas Practice, Bailey, Sec. 435, pp. 101–4 (1968); 61 Tex. Jur.2d Wills, Sec. 117–119, pp. 234–241.

The will in *Nye v. Bradford*, supra, provided "[W]e do hereby will, bequeath and devise 'to the survivor of us' all property of which either of us shall be seized and possessed . . . to be owned and held by said survivor during his or her lifetime, with remainder over to our beloved children, to-wit: Mrs. Florrie May Bradford Nye and Robert Roy Bradford . . . ." In analyzing and construing the will the court said:

"*The will treats the property of the testators as one, and the dispositions made are joint gifts from the testators*, dividing the property equally between the two children. A will like that could not have been made without agreement between the testators that it should be so made. Its very terms are evidence that an agreement was made, and they are entirely consistent with the testimony of the witnesses as to what the agreement was. The testimony that the agreement was made and the terms of the will, in our opinion, clearly show that the will is contractual, was executed pursuant to agreement." [Emphasis added.]

In *Dickerson v. Yarbrough*, supra, the language of the will was as follows:

"It is the will and desire of each of us [C. H. Payton and wife, Martha Payton] that whichever one of us shall survive the other shall have and hold all of our property of which we or either of us may die seized and possessed . . .. And it is our joint desire and request that at the death of such survivor our said estate shall be equally divided between the nearest of kin to the said C. H. Payton and the said Martha Payton. . . ."

In construing the language of the will the court said at p. 978, "*A will in the foregoing language would be hardly possible without previous understanding and agreement, a testamentary contract being evident from its very terms.*" [Emphasis added.]

In *Harrell v. Hickman*, 147 Tex. 396, 215 S.W.2d 876 (1948), the will provided: "We give, bequeath and devise to the survivor of us, T. M. Harrell or Maggie Harrell, as the case may be, all our property, real, personal and mixed for the sole use and benefit of the survivor of us. . . . After the death of both of us . . . the remainder of our property, of which the survivor of us shall die seized and possessed shall be disposed of as follows: . . .." There followed fifteen special bequests to various institutions and individuals. In construing the will the court said at p. 878: "The will as a whole sets forth a comprehensive plan for the disposition of the property of the testators and was clearly made in pursuance of a contract between them. We agree with respondent that it is contractual as well as testamentary in character."

In *Murphy v. Slaton*, 154 Tex. 35, 273 S.W.2d 588, 590 (1954), the court construed a will which provided that "It is our will and desire that the survivor of us, B. H. Murphy or Annie E. Murphy, as the case may be, shall . . . have all the estate of every description, real, personal or mixed, which either or both of us may own at our death, to be used, enjoyed, occupied and conveyed by such survivor for and during his or her life time, as the case may be, and that upon the death of such survivor

any of such estate then remaining shall be divided among the persons following and in the following manner . . .." There followed eight paragraphs bequeathing a half section of land for life to each of the eight children of the testators with remainder to grandchildren. The court held the will was contractual, and the wife, having probated the will and having accepted the benefits, was estopped to change any of its provisions.

In the case of *Weidner v. Crowther*, 157 Tex. 240, 301 S.W.2d 621, 623–4 (1957), the testators executed a joint will providing "We mutually will, direct and devise, that after the death of either of us, all our property and estate, . . . shall be inherited by and shall at once pass into the unrestricted possession of the last survivor of either of us in fee-simple." The will further provided that after the death of the survivor all the property was to be inherited and divided equally among the three children, share and share alike. The court there said: "One party to a mutual will may not render it unenforceable after the death of the other party by declaring a revocation thereof and declining to take benefits under it. Death of one of the parties to a mutual will, or mutual wills, will put effective revocation thereof beyond the legal right and power of the survivor."

 It has long been held that one who relies upon a will as a contract has the burden of proving that the will is contractual and came about as a result of a mutual agreement by both parties. *Nye v. Bradford*, supra; *Kastrin v. Janke*, 432 S.W.2d 539 (Tex.Civ.App.—El Paso 1968, writ ref'd n. r. e.). However, wills which purport to be contractual "are reviewed by the courts with caution; they can be established only by full and satisfactory proof; and no presumptions or inferences will be indulged in favor of them." *Magids v. American Title Insurance Co., Miami, Fla.*, 473 S.W.2d 460, 464 (Tex.1971); *Kirk v. Beard*, 162 Tex. 144, 345 S.W.2d 267, 272 (Tex.1961); *Crain v. Mitchell*, 479 S.W.2d 956 (Tex.Civ.App.—Fort Worth 1972, writ dism'd). Further, the agreement must be more than a mere

agreement to make wills or make the joint will the parties actually made; it must involve the assumed obligation to dispose of their property as provided in the joint will, and not to revoke such wills, which are to remain in force at their deaths. *Magids v. American Title Insurance Co., Miami, Fla.,* supra at p. 465; *Reynolds v. Park*, 521 S.W.2d 300, 311 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.); 97 C.J.S. Wills § 1367 at p. 301.

▆ A will may, by its terms or in its recitals, conclusively prove or tend to prove that it was based on or executed in furtherance of an agreement, but the mere making of a joint will alone does not prove that the will was made in furtherance of a contract. *Nye v. Bradford*, supra at 168. Furthermore, use of such words as "we," "us," and "ours" alone does not establish a contract to make a will nor does execution of the will simultaneously before the same witnesses establish such a contract. *Morris v. Texas Elks Crippled Childrens' Hospital, Inc.*, 525 S.W.2d 874, 876 (Tex.Civ.App.—El Paso 1975, writ ref'd n. r. e.).

▆ The appellant relies on the language of the will itself to prove that it was signed pursuant to such an agreement, directing our attention to use of the words "we", "us," and "our," in the will, the reciprocal and identical provisions of the will, the joint execution of the will, and the disposition of the property upon the death of the first to die and upon the death of the survivor. It is our view that the joint will of Paul R. Phillips and Bobbie A. Phillips does not show on its face to be a mutual and contractual will and that the language of the will and the intent expressed therein may be distinguished from that found in *Nye v. Bradford, Dickerson v. Yarbrough, Harrell v. Hickman, Murphy v. Slaton,* and *Weidner v. Crowther*, all supra. In these cases there was a comprehensive plan to dispose of all the property of both testators, and they treated the property of both testators as one. The Phillips' will does not treat the property of the testators as one. It states "It is our will . . . that the survivor . . . *shall* . . . *have a life estate*

*in all the estate of the deceased spouse . . . and at the survivor's death, the title and fee to all of such property shall vest in Philip R. Bishop."*

Our view of the above language leads us to the conclusion that the survivor received a life estate in the property of the deceased spouse, and at the survivor's death the beneficiary, appellant Bishop, would receive "the title and fee to all such property," meaning only the estate of the deceased, Bobbie A. Phillips. We hold that such will was not a mutual and contractual will which became irrevocable on the date of Bobbie A. Phillips' death.

In *Magids v. American Title Insurance Co.,* supra, the will provided: "If my husband survives me, I give, devise, and bequeath to my husband . . . for and during his natural life, all the property . . . of which I die possessed, for his use and benefit during his natural life. Upon the death of my husband, the title to such property shall vest in Barnett B. Magids, Samuel B. Magids, and Jack S. Magids, share and share alike." There was an added provision stating that it was the testator's intention "to create a life estate in all *my* property . . . for the benefit of my husband with the remainder" to the beneficiaries or their issue. The court held in *Magids* that the trial court properly disregarded answers to jury issues to the effect that the Magids orally agreed to execute wills providing each would leave his or her property to the other for life with remainder to their children, and that they each executed the will pursuant to said agreement. The *Magids* opinion holds that the wills were entirely separate wills which dealt only with each testator's property, that neither will attempts to deal with the entire community estate of both testators so as to affect the survivor's community interest or put the survivor to an election whether to take under the will. We hold, as did the *Magids* court, that the wills of the Phillips involved here, standing alone, do not by their terms constitute any binding contract between the parties which would render the survivor's will irrevocable upon the death of his

spouse. Therefore, Paul R. Phillips would be free to deal with his community interest as he chose to do. See *Graser v. Graser,* 147 Tex. 404, 215 S.W.2d 867, 870–73 (Tex. 1949); and *Kastrin v. Janke,* supra at pp. 541–42.

In its findings of fact the trial court found that appellant received more than Bobbie A. Phillips' community estate in the division or partition of property by appellant and Paul R. Phillips after the death of Bobbie A. Phillips, and the trial court found and held that such division constituted a settlement of the property rights between appellant and Paul R. Phillips. The trial court was the trier of the facts, and the trial court evidently found that appellant failed to meet his burden of proof. Mutual and contractual wills must be established by full and satisfactory proof, and no presumptions or inferences will be indulged in favor of them. *Magids v. American Title Insurance Co.,* supra at p. 464; *Reynolds v. Park,* supra at p. 312. Extrinsic evidence is admissible to explain uncertain or ambiguous language in a will, but such evidence would not be admissible to show an intent contrary to the plain language of the will itself. *Kirk v. Beard,* supra, 345 S.W.2d at p. 273.

Even though appellant testified that both testators told him they wanted him to prepare their joint will with life estate to the survivor and the remainder to him, after he drew the will and they had examined it, they each, according to appellant, told him that the will had been prepared as they wanted. In other words each testator approved the language of the will as written, and apparently it expressed their desires. See *Rose v. El Paso National Bank,* 476 S.W.2d 861, 863 (Tex.Civ.App.—El Paso 1972, no writ); *Crain v. Mitchell,* supra at p. 958.

In summary, we hold that the joint will of Paul R. Phillips and Bobbie A. Phillips was not a mutual and contractual will; that Paul R. Phillips was free to make another will after the death of Bobbie A. Phillips; that the finding of the trial court that appellant received property equal to in ex-cess of the community estate of Bobbie A. Phillips is supported by some evidence and is binding upon this court and that Paul R. Phillips executed later wills after the death of Bobbie A. Phillips which revoked the joint will.

Accordingly, the judgment of the trial court denying the application to probate the joint will and ordering the probate of the last will of Paul R. Phillips dated August 11, 1975, is affirmed.