**Barbara A. COX, Appellant,**

v.

**RICE TRUST INCORPORATED, Appellee.**

**No. 12-81-0060-CV.**

Court of Appeals of Texas, Tyler.

March 10, 1983.

Rehearing Denied April 14, 1983.

D. John Leger, Leger, Hall, Hill, Glover & Cage, P.C., Houston, for appellant.

Bruce S. Powers, Robert M. Corn, Houston, for appellee.

COLLEY, Justice.

This is a summary judgment case involving construction of a joint will. We affirm the judgment below.

 Our examination of the record reveals that on the 12th day of September, 1963, Harry Edwin Vaughan (Harry) and Lodi Stockbridge Vaughan (Lodi), husband and wife, executed a joint will. Harry died sometime prior to the 20th day of December, 1966, and such will (hereinafter Vaughan will) was admitted to probate on the application of Lodi on December 20, 1966, in Cause No. 94,189 on the docket of the County Court of Harris County, Texas, sitting in probate. Letters testamentary were ordered issued to Lodi as Independent Executrix. On October 22, 1975, Lodi executed a self-proved will in favor of William Marsh Rice University (hereinafter Rice will). On February 24, 1979, Lodi died and the Rice will was offered for probate as the last will and testament of Lodi in Cause No. 157,760 on the docket of Probate Court No. 3 of

Harris County, Texas, by Rice Trust, Inc., named as Independent Executor of the Rice will. Appellant Barbara Cox filed a contest to the Rice will and also filed an application in such probate court in said cause to probate the Vaughan will in which she was named as one of the beneficiaries in Lodi's will. Appellant also joined in her pleadings an action for declaratory judgment under Article 2524–1, V.A.C.S., seeking a construction of the Vaughan will as a joint and mutual will, thus entitling her and the other legatees to the properties left by Lodi at her death. Both appellant and appellee filed and urged motions for summary judgment on the declaratory judgment action filed by appellant. The summary judgment evidence consists solely of the parties' pleadings, motions for summary judgment, and opposing responses to the opposite party's motion for summary judgment including copies of both wills. The only summary judgment evidence upon which the trial court judgment rests as to the declaratory judgment action is the Vaughan will itself. On November 11, 1980, the trial court signed an order entitled "Partial Summary Judgment" denying appellant's motion for summary judgment and granting appellee's motion for summary judgment, thereby rendering a "take-nothing judgment" against appellant. The order recited that it was "partial and interlocutory" and the declaratory judgment action by appellant was not severed from the will contest between the parties. Following a jury trial "Final Judgment" was entered on January 19, 1981, on the jury verdict admitting the Rice will to probate and record as the last will and testament of Lodi, appointing Rice Trust, Inc., as Independent Executor and denying appellant's application to probate the Vaughan will as the last will and testament of Lodi. The judgment also ordered that the partial summary judgment signed on November 11, 1980, was made final. The appeal in this case is limited to a review of the partial summary judgment order signed by the court on November 11, 1980. Appellant's declaratory judgment action should have been severed from the will contests by the trial court and a separate judgment entered with respect thereto. *Tips v. Yancey,* 431 S.W.2d 763 (Tex.1968). But we conclude that while technically the appeal is an appeal from the "Final Judgment" signed January 19, 1981, we deem it appropriate to entertain the appeal on the lines as drawn by the parties on this appeal as an appeal from a summary judgment rendered by the trial court on the appellant's declaratory judgment action.

Appellant presents two points of error in her brief:

FIRST POINT: The court below erred in granting summary judgment for the reason that the "Vaughan will" was contractual in nature as a matter of law.

SECOND POINT: The court below erred in granting summary judgment for the reason that the contractual nature of a will is a fact question.

Appellant's second point is not supported by authorities and argument as required by Rule 418(e), Tex.R.Civ.P. Such being the case, the point is waived and we do not address the same. *Ranger Ins. Co. v. Rogers,* 530 S.W.2d 162 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

Under her first point appellant argues that the language of the Vaughan will, particularly Paragraph No. III establishes the contractual character of such will as a matter of law. The pertinent paragraphs of the Vaughan will read as follows:

### I.

It is our will and desire, and the will and desire of each of us, that the survivor of us, Harry Edwin Vaughan, or Lodieska (Lodi) Vaughan, as the case may be, shall have absolutely and in fee simple all of the estate of every character and description, real, personal, or mixed, which either or both of us may own or have any interest in at the time of the death of the one of us dying first, hereby intending to include both community and separate property, and we hereby devise and bequeath unto each survivor all of such property.

\*    \*    \*    \*    \*    \*

### III.

In the event that our deaths should occur simultaneously or approximately so, or in the same common accident or calamity, or under circumstances causing a reasonable doubt as to which of us survived the other, or if one of us should have predeceased the other, then in that event and only in that event, it is our will and desire, and the will and desire of each of us, that all of the property and estate of every description, real, personal and mixed, which either of us may own or have an interest in at the time of our deaths, hereby intending to include both community property and separate property, shall past and vest in fee simple, share and share alike, to the following named legatees:

\* \* \* \* \* \*

(The remaining provisions of Paragraph III are not reproduced here as they are not pertinent.)

Appellant cites in support of her argument several cases including *Nye v. Bradford,* 189 S.W.2d 889 (Tex.Civ.App.—Texarkana 1945) affirmed 144 Tex. 618, 193 S.W.2d 165 (Tex.1946) and *Murphy v. Slaton,* 154 Tex. 35, 273 S.W.2d 588 (Tex.1954). Each case cited by the appellant involves wills where life estates were devised to spouses with remainder over or gifts over to the children or other third parties. For example, in *Nye v. Bradford* and *Murphy v. Slaton,* husband and wives devised property to each other for life with the remainder over to the children.

■ We have carefully studied the Vaughan will and conclude that our decision here is controlled by the rule of construction pronounced by the Commission of Appeals in *Gilliam v. Mahon,* 231 S.W. 712 (Tex.Comm'n App.1921, judgment adopted). The court in *Gilliam v. Mahon, supra,* set out the rule:

Where the first clause of a will in clear, unambiguous language gives and bequeaths to one devisee all the property real and personal of which the testator dies possessed, such estate so given can-

not be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning.

The above rule has been followed by many cases among which are *Roberts v. Drake,* 380 S.W.2d 657, 661 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.), and *Killough v. Shafer,* 358 S.W.2d 748, 749 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.). Thus we hold that Harry, under Paragraph I of the Vaughan will, in clear language devised a fee simple estate to Lodi of all properties both real and personal of which Harry died seized and possessed only on the contingency that she survive him, which she did. All of the language of Paragraph III above quoted with the exception of the phrase, "or if one of us should have predeceased the other" simply provides against the contingency that both Harry and Lodi met simultaneous or almost so deaths in the same accident or disaster. The phrase is completely out of the place within the overall context of Paragraph III and operates to render ambiguous and uncertain the remaining provisions of Paragraph No. III, which are otherwise free from doubt. Therefore, we hold that the fee simple estate devised to Lodi by Harry under Paragraph I controlled Harry's testamentary disposition of his properties and is unaffected by the uncertain and ambiguous language of Paragraph III. *Gilliam v. Mahon, supra; Renner v. German,* 207 S.W.2d 671 (Tex.Civ.App.—Amarillo 1948, writ ref'd); *Laborde v. First State Bank & Trust Co.,* 101 S.W.2d 389 (Tex.Civ.App.—San Antonio 1936, writ ref'd).

The summary judgment in favor of appellee was properly granted by the trial court and the trial court's judgment is affirmed.