Naona BULLINGTON, et al., Appellants,

v.

ESTATE OF Ernest W. BELCHER, Deceased, et al., Appellees.

No. 13892.

Court of Appeals of Texas, Austin.

Dec. 14, 1983.

Rehearing Denied Feb. 29, 1984.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellants.

Jim Vollers, Austin, for appellees.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Naona Bullington, and others, appeal the judgment of the trial court, which construed a will adversely to their interest.

At the time of her death, Gertrude Belcher was married to Ernest W. Belcher; they had no children. Subsequently, Ernest Belcher married appellee Laura Elizabeth Belcher. He died intestate: Laura, his second wife, is the administratrix of his estate.

Gertrude Belcher died owning certain separate property, which she devised by will. Laura Belcher brought suit to construe the will of Gertrude Belcher. The will provides, in relevant part, as follows:

\*   \*   \*   \*   \*   \*

FIRST:

It is my will and desire that my husband, Ernest Belcher, shall have absolutely and in fee simple all of the estate of every character and description, real, personal or mixed which I may own or have any interest in at the time of my death, hereby intending to include both community and separate property, and it is my desire that he may use, sell, expend and otherwise dispose of such property without restriction, and I hereby devise and bequeath unto him all of such property.

SECOND:

In the event that my husband, Ernest Belcher, should predecease me or in the event that if he survives me, at the time of his death, any part of the estate pass-

ing to him under this my will, which would be my separate property and my interest in the community property, remains on hand, then and in that event it is my desire that from such remainder of my said estate there be paid over to my half-brother, L.A. Liningston [sic], the sum of Three Thousand Dollars. The remainder, if any, of my said estate I desire to be distributed as follows:

[devises are made to named persons]

\* \* \* \* \* \*

The provisions of this paragraph of my will are not intended to and shall not be construed as any limitation or restriction on the property passing under my will to my husband, Ernest Belcher, if he survives me, and I intend that he shall be free to sell, receive proceeds of and dispose of any and all property passing to him under this will and to use all or any portion thereof. This paragraph of my will is an expression of my desire and direction for distribution of my estate, should any part of it remain, at the death of my husband, Ernest Belcher.

\* \* \* \* \* \*

Laura Belcher contends that Gertrude Belcher devised her property to Ernest Belcher in fee simple absolute; if this is true such property which was not disposed of by him became a part of his estate and should be distributed according to the laws of descent and distribution. Appellants contend that Gertrude Belcher devised a fee simple determinable interest to Ernest Belcher; they further assert that by virtue of being the named devisees of an executory interest (or successors in interest to such devisees) they are entitled to the property which he did not dispose of.

The trial court's judgment recites that Ernest Belcher "was the fee simple heir of the [contested property] under the Will of Gertrude Belcher, Deceased, and that the language of the Will of Gertrude Belcher, Deceased, under which [appellants] make their claim of title to said property is precatory and of no effect...." The record contains no findings of fact and conclusions of law.

We affirm.

■ As appellants note, Texas has rejected the common law rule which provides that "wherein there is a devise by language sufficient to pass the fee, a purported limitation over of so much of the property as is not disposed of by the first taker is void as being repugnant to the grant of the fee-simple estate in the first taker." *Moore v. Wardlaw*, 522 S.W.2d 552 (Tex.Civ.App. 1975, writ ref'd n.r.e.). An executory limitation over of property undisposed of by the first taker of the fee is valid: the first taker receives a defeasible fee interest. *Id.*

The question raised by appellants' two points of error is whether Ernest Belcher took such a defeasible fee interest under his wife's will. We hold that he did not.

■ An express bequest or devise cannot be diminished by a subsequent clause of uncertain or ambiguous meaning; an estate granted in plain and unequivocal language in one clause of a will cannot be diminished by a subsequent clause unless the subsequent clause's language is as clear, plain and unequivocal as that in the initial clause. *Gilliam v. Mahon*, 231 S.W. 712 (Tex.Comm.App.1921, jdgmt adopted); *Cox v. Rice Trust Inc.*, 648 S.W.2d 758 (Tex.App.1983, no writ); *Welch v. Straach*, 518 S.W.2d 862 (Tex.Civ.App.), *writ ref'd n.r.e. per curiam*, 531 S.W.2d 319 (Tex. 1975); *Ricketts v. Alliance Life Ins. Co.*, 135 S.W.2d 725 (Tex.Civ.App.1939, writ dism'd jdgmt cor.).

■ There is no doubt that by the first clause in her will Gertrude Belcher devised to Ernest Belcher an estate in fee simple absolute. In so doing she used the words, "I hereby *devise and bequeath* unto [Ernest Belcher] all of such property." (emphasis added).

In the second paragraph, Gertrude Belcher did not use the words "devise and bequeath." In most instances she stated that it was her *desire* that property not distributed by Ernest Belcher should pass in the specified manner. A similar change in wording between initial and subsequent

will clauses prompted the *Ricketts* court to conclude that the word "desire" was used in the precatory, and not the testamentary, sense. We have come to the same conclusion as regards the will of Gertrude Belcher.

At the end of the second paragraph, Gertrude Belcher provided that such paragraph was "an expression of [her] desire and *direction* for distribution of [her] estate...." (emphasis added). The question arises as to whether the use of the word "direction" makes the second paragraph any less precatory. We think it does not. The contrast between the language of the first and second paragraph cannot be ignored.

Additionally, the provision that the second paragraph "shall not be construed as any limitation or restriction on the property passing [to Ernest Belcher], if he survives [Gertrude Belcher] ..." further illustrates that the second paragraph is precatory in nature. We hold that the second clause cannot undo the effect of the first. Ernest Belcher received a fee simple absolute interest in the contested property.

We overrule appellants' two points of error. The judgment of the trial court is affirmed.