Sylvia Marie **JONES,** Appellant,

v.

**Grady JONES and Leonida Jones Beard,** Appellees.

**No. 2–85–282–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 25, 1986.

Frank D. McCown and Donald R. Campbell, Fort Worth, for appellant.

Mehl, Williams, Cummings & Groce and Michael Cummings, Watson, Ice, McGee, & Liles, P.C., and William T. McGee, Fort Worth, for appellees.

Before BURDOCK, HOPKINS and FARRIS, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal which arose from a will contest, wherein the trial court found Homer and Edna Jones' joint will to be contractual and mutual as a matter of law. Appellant's sole point of error complains of the trial court's finding that the joint will in question was executed pursuant to an agreement between the Jones', each in consideration of the agreement of the other party to do so, to dispose of their property according to a common plan, with their three children sharing equally in their estate.

We affirm.

In 1967, Homer and Edna Jones executed a joint will which left the survivor's estate at his or her death equally to their three children. (See Appendix.) Homer Jones died in 1975, and Edna Jones received his entire estate under the 1967 will. In 1977, Edna Jones executed a new will which left a substantially larger portion of her estate to her daughter, Sylvia Marie Jones, appellant herein, than to the other two children, Grady Jones and Leonida Jones Beard, appellees herein.

Edna Jones died in 1982 and appellant filed the 1977 will for probate. Appellees brought suit to contest the admission to probate of the 1977 will, and applied for probate of the 1967 joint will as Edna Jones' last will and testament. Appellees requested issuance of letters testamentary to Grady V. Jones, or in the alternative, petitioned the court to impose a constructive trust upon Edna Jones' estate so as to carry out the provisions of the 1967 will.

Trial began before a jury, but the jury was dismissed by agreement of the parties, and the case was submitted to the court for determination as a matter of law. The court ordered the 1977 will admitted to probate as Edna Jones' last will. However, it found, as a matter of law, that the Jones' 1967 will was contractual and mutual, and imposed a constructive trust on Edna Jones' estate in favor of appellees. No extrinsic evidence was offered regarding the mutuality of the 1967 will. Findings of fact and conclusions of law were requested and filed.

In her sole point of error, appellant alleges the trial court erred in its findings of fact and conclusions of law number two, where it found:

2. This joint will was executed pursuant to an agreement between said parties, each in consideration of the agreement of the other party to do so, to dispose of their property according to a common plan, with their three (3) children, sharing equally in their estate.

Although entitled "Findings of Fact and Conclusions of Law," clearly this document enumerated the court's conclusions of law only, since it was agreed by all parties that no material issues of fact existed. The issue on appeal, then, is whether, as a

matter of law, the Jones' will was contractual.

It is held that the mere making of a joint will does not of itself prove that it was made pursuant to contract. *Nye v. Bradford,* 144 Tex. 618, 193 S.W.2d 165 (1946). The will may, by its terms or in its recitals, conclusively prove or tend to prove it is based on or executed in furtherance of an agreement. *Id.* One who relies upon a will as a contract has the burden of proving the will is contractual. *Id.,* 193 S.W.2d at 167.

In *Fisher v. Capp,* 597 S.W.2d 393 (Tex. Civ.App.—Amarillo 1980, writ ref'd n.r.e.), the court examines the line of Texas Supreme Court cases which have found joint wills to be contractual.[1] The court states therein:

> In each of those cases, the spouses executed a joint will leaving some species of estate to the survivor. The testators then jointly provided for the disposition of the combined estates remaining on hand at the death of the last to die. In each case, the court carefully examined the provisions of the joint will and concluded that each will was mutual and contractual. The reasoning common to the cases is that the joint will as a whole sets forth a comprehensive plan for disposition of the testators' property. The joint will treats the property of the testators as one, and it not only provides for disposition of the property upon the death of the first to die but also provides for disposition of the property remaining on hand at the death of the survivor. It is obvious from a reading of such a will that it was executed by the parties to carry out a planned and complete disposition of all of their property, regardless of who should die first.

*Id.* at 398–99.

In searching for a common thread in the Supreme Court cases, the *Fisher* court finds in each case that: (1) the gift to the survivor is not absolute and unconditional,

even though it may initially appear to be so; and (2) the balance remaining from the estate of the first to die and the estate of the last to die is treated as a single estate and jointly disposed of by both testators in the secondary dispositive provisions of the will. *Id.* at 399. The *Fisher* court points out the nature of the estate left to the survivor is not of controlling importance, provided it is not an absolute and unrestricted fee simple gift. *Id.* at 398 n. 5.

Applying the *Fisher* court's analysis to the will before us, we find it to be, as a matter of law, joint and mutual, and therefore contractual. Here, as in *Fisher,* a conditional or defeasible fee is granted the survivor, and the estates are united for final testamentary disposition. We see a comprehensive plan for disposition of all of the property of the testators, with both estates being controlled through the joint will. We are satisfied the parties jointly planned the disposition of their combined estates with the intention that the survivor would carry out the plan. By doing so, a binding contract was created. Edna Jones was not free to alter the terms of that contract after Homer Jones' death. We hold the court in the case at hand did not err in finding the will to be contractual as a matter of law.

Appellant argues the will here is indistinguishable from the will this court reviewed in *Crain v. Mitchell,* 479 S.W.2d 956 (Tex. Civ.App.—Fort Worth 1972, writ dism'd). In *Crain,* this court held the parties' joint will was not contractual in nature because there was insufficient evidence the will was based upon a prior or contemporaneous agreement by the parties to it to make a joint disposition of their property. *Id.* at 959. Inasmuch as our opinion here conflicts with our opinion in *Crain,* we disapprove of its holding.

On the other hand, we are not convinced the case of *Cox v. Rice Trust, Inc.,* 648 S.W.2d 758 (Tex.App.—Tyler 1983, no writ)

---

**1.** *Nye v. Bradford,* 193 S.W.2d at 165; *Harrell v. Hickman,* 147 Tex. 396, 215 S.W.2d 876 (1948); *Murphy v. Slaton,* 154 Tex. 35, 273 S.W.2d 588 (1954); and *Dougherty v. Humphrey,* 424 S.W.2d 617 (Tex.1968).

controls here, as appellant argues. Appellant directs our attention to the *Cox* court's reasoning in holding the will under review not to be contractual. Relying upon *Gilliam v. Mahon*, 231 S.W. 712 (Tex.Comm'n App.1921, judgment adopted) the court stated:

Where the first clause of a will in clear, unambiguous language gives and bequeaths to one devisee all the property real and personal of which the testator dies possessed, such estate so given cannot be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning.

*Id.* at 713.

The Jones' will before us and the *Cox* will are not analogous. The language in the two wills is significantly different. The *Cox* decision is based upon that will's third paragraph, wherein there is ambiguous language relating to disposition of the estate upon the parties' deaths. *Id.* The court held the third paragraph and its ambiguity were subordinate to the will's first paragraph and its fee simple language. In the will before us, no such ambiguity is present. A fee simple estate is devised to the survivor, conditioned by the agreement, to leave whatever was left at the survivor spouse's death to the couple's children in equal shares.

Appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.

APPENDIX
LAST WILL AND TESTAMENT OF HOMER
JONES AND WIFE EDNA MARIE JONES

THE STATE OF TEXAS )
)   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TARRANT )

That we, Homer Jones and wife Edna Marie Jones, both being residents of the City of Fort Worth, Tarrant County, Texas, do publish and declare this our Last Will and Testament, hereby revoking all other wills heretofore made by us, or either of us.

I.

We will and direct that all of our just debts, including expenses of last illness, funeral expenses and expenses of administration, be paid first out of our respective estates.

II.

Subject only to the above and foregoing, we will and give to our survivor, whether it be Homer Jones or Edna Marie Jones, all property and estate of which the first of us that dies may be seized and possessed.

III.

We hereby name, constitute and appoint our survivor, whether it is Homer Jones or Edna Marie Jones, as Independent Executor or Executrix, as the case may be, of the will of the one of us who dies first. We specifically direct that no bond, or other security shall ever be required of such representative, and that no other action shall be had or taken in the Probate or any other Court in relation to this will or our estate than to prove and probate this will and to file a statutory inventory, appraisement and list of claims. We will and give to our survivor, full, complete and unconditional power of sale and/or alienation of any part of our Estate.

IV.

If we should both die in a common catastrophe, or upon the death of our survivor, we will and give all property and estate then remaining to our children, Leonida Jones Eschman, daughter, Sylvia Marie Jones, daughter, and Grady V. Jones, son, share and share alike.

V.

In the event either one or more of said legatees should predecease our survivor, then we will and give his, her or their portion to their legal heirs.

## VI.

Upon the death of both of us or our survivor, we hereby name, constitute and appoint Grady V. Jones, as Independent Executor of this will and direct that no bond be required of him as such, and that no other action shall be had or taken in relation to the will or our estate, in the probate or any court than to prove and probate this will and to file a statutory inventory, appraisement and list of claims.

We also give and grant such representative final, complete and unconditional power of sale and/or alienation of all or any part of our estate.

Dated at Fort Worth, Texas, this the 14th day of March, A.D. of 1967.

/s/ _____
HOMER JONES       TESTATOR

/s/ _____
EDNA MARIE JONES       TESTATRIX

The foregoing and attached instrument was now here published as their last will and signed and subscribed by Homer Jones and Edna Marie Jones, Testator and Testatrix, in our presence, and we, in their presence, in the presence of each other and at their request, sign our names hereto as attesting witnesses on the date above written.

/s/ _____

/s/ _____
WITNESSES