The FIRST NATIONAL BANK OF CORSICANA, Texas, Appellant,

v.

Carrie Tatum DeFOE et al., Appellees.

No. 4289.

Court of Civil Appeals of Texas.

Waco.

Nov. 19, 1964.

Rehearing Denied Dec. 10, 1964.

Roe, Ralston & Brown, Corsicana, Waggoner Carr, Atty. Gen., J. Gordon Zuber, Asst. Atty. Gen., Austin, for appellant.

Mays, Jacobs & Pevehouse, Corsicana, for appellees.

WILSON, Justice.

Appellees are the heirs of the deceased brothers and sisters of testator. Their action against appellant as trustee requires construction of a probated will, material portions of which, following specific bequests, are:

"Fourth: I give and bequeath unto sister Anna and brother Robert Tatum the remainder of my estate that I be possessed of at my death, real and personal and mixed remaining after payment of my debts, to be equally divided between the two.

"Fifth: It is my will and desire that on the decease of either of the said Robert Tatum or Anna Tatum that the one left surviving shall take all my property, real, personal and mixed.

"Sixth: And at their death, it is my desire and will for all my estate remaining at their death to be equally divided among my brothers and sisters living and the heirs of those that are dead."

Anna Tatum predeceased her brother, Robert, who was the sole beneficiary of her duly probated will. During his lifetime Robert disposed of, sold, reinvested or otherwise changed the form of the property involved in this appeal devised by the quoted will to himself and Anna. The probated will of Robert Tatum bequeathed to appellant as trustee of a public charitable trust the proceeds and mutations of the property he disposed of during his life. Appellees sought judgment for title to the property so held by appellant.

Appellant contends the will created a conditional or defeasible fee in Robert Tatum (and his sister). Appellees' position is that Robert and Anna Tatum were devisees of a life estate only, without power of disposition, and that upon the death of the survivor of them testator's entire estate, in whatever form remaining, passed to the persons named in the sixth paragraph of the will with the right to trace the assets

invested or reinvested by Robert Tatum. The trial court concluded and rendered judgment as appellees contend.

■ The fourth paragraph of the will, standing alone, devised a fee simple estate to Anna and Robert Tatum. Art. 1291, Vernon's Ann.Civ.St.; McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412, 413.

The sixth paragraph (whether its effect be labeled as converting the estate created by the two preceding into a conditional or defeasible fee as in Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 878, and Singer v. Singer, 150 Tex. 115, 124, 237 S.W.2d 600, 605, or as some other qualification of a fee simple estate such as in McMurray v. Stanley, above, where a trust was said to exist), constitutes a valid limitation as to the property undisposed of at the death of Robert Tatum.

At common law and in many American jurisdictions the rule is that where there is a devise by language sufficient to pass the fee, a purported limitation over of so much of the property as is not disposed of by the first taker is void as being repugnant to the grant of the fee simple estate in the first taker. See Thompson, Wills (3d ed. 1947) Sec. 355; Page, Wills (1961) Sec. 37.26, p. 640. Texas rejects this rule. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412, 415. After criticizing the rationale of the common law doctrine and noting that the modern tendency is to regard it as arbitrary and archaic, W. W. Allen's exhaustive and scholarly analysis of the problems in 17 A.L.R.2d 7, 205 concludes, "Texas courts very distinctly uphold the executory limitation" over of property undisposed of by the first taker of the fee.

■ When the will is examined as a whole the first takers, Robert and Anna Tatum, as devisees of the fee, had complete power of disposition during their lives. Upon Anna's death, her undisposed of property from testator's estate was vested in fee in Robert. Robert, as survivor, thereupon likewise continued to have complete power of disposition during his life. Robert's power of disposition was restricted, conditioned, qualified or limited to disposition effected before his death, however, by the provisions of the sixth paragraph to the effect that if at his death there was any of testator's "estate remaining," such remaining portion of the estate should vest as therein specified.

There was a devise to the survivor, Robert, of a fee simple title to testator's property with a limitation over to the devisees named in the sixth paragraph of that which remained undisposed of at his death. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412, 414, 415; McClure v. Bailey, Tex.Civ.App., 209 S.W.2d 671, 677, writ ref. n. r. e.; Pool v. Sneed, Tex.Civ.App., 173 S.W.2d 768, 776, writ ref. w. m.; Cragin v. Frost Nat. Bank, Tex.Civ.App., 164 S.W.2d 24, 29, writ ref. w. m.; Feegles v. Slaughter, Tex.Civ.App., 182 S.W. 10, 14, writ ref.; 17 A.L.R.2d 205. Cf. Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470. See Weidner v. Crowther, 157 Tex. 240, 249, 301 S.W.2d 621, 627; Singer v. Singer, 150 Tex. 115, 124, 237 S.W.2d 600, 605; Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 878; Killough v. Shafer, Tex.Civ.App., 358 S.W.2d 748; C. C. Young Memorial Home, etc. v. Nelms, Tex.Civ.App., 223 S.W.2d 302.

The first taker, Robert Tatum, was entitled to the proceeds of property disposed of by him, including those proceeds and mutations which were comprised in the assets devised in trust in his will. They were subject to his testamentary disposition, and appellees had no right to trace and recover them. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412, 417; Feegles v. Slaughter, Tex. Civ.App., 182 S.W. 10, 15, writ ref.; Norton v. Smith, Tex.Civ.App., 227 S.W. 542, 548, writ dis.; McClure v. Bailey, Tex.Civ. App., 209 S.W.2d 671, 679, writ ref. n. r. e.; C. C. Young Memorial Home, etc. v. Nelms, Tex.Civ.App., 223 S.W.2d 302, writ ref. n. r. e.; 17 A.L.R.2d 226

The judgment is reversed and here rendered that appellees take nothing.