Richard **JOHNSON,** Temporary Administrator of the Estate of Bernice D. Bullock, Deceased, Charles W. McCallum, Sr., Janice Stogsdill Smith, Carrie Lee Stogsdill Simpson, Charles W. McCallum, Jr., Robert Lawrence McCallum and Richard McCallum, Appellants,

v.

Glenda **STARK,** Gladys Hulsey, Joe Floyd Blewett, Helen Lindsley and Dorothy Iglehart, Appellees.

No. 9023.

Court of Civil Appeals of Texas, Amarillo.

July 31, 1979.

Rehearing Denied Aug. 29, 1979.

Irwin & Whitley, George W. Irwin, Robert L. McCallum, Dallas, for appellants.

Earl Luna and George Vorpahl, Dallas, for appellees.

REYNOLDS, Chief Justice.

This will controversy is determined by the character of the estate vested in the first taker. The trial court construed the will to vest an estate less than fee with powers of disposition in the first taker, and adjudged that the takers of any estate in remainder could follow the proceeds of sales and dispositions made by the first taker. Ascertaining that the testator intended to vest a qualified fee simple estate in the first taker, who had full control over the proceeds from dispositions made, we reverse and render.

A twenty-five year childless marriage between Guy H. Bullock and Bernice D. Bullock ended at the 1956 testate death of Mr. Bullock. His probated will, devising and bequeathing his separate property and his one-half interest in the community property, reads, in parts material here, as follows:

2.

I will, devise and bequeath to my beloved wife, Bernice D. Bullock, for and during her natural life, but with the rights powers and authorities herein shown, all my estate, real, personal and mixed of every description and wheresoever situated, to be occupied, used, enjoyed, rented, leased for oil, gas and mineral exploration, development and production, leased for farm purposes, commercial purposes and other purposes, and to be by her sold and conveyed, by fee simple title or otherwise, all in any manner,

for any purposes, and on any terms and conditions, and for any considerations, which she may desire, and with the corpus of my estate, the proceeds from any sales, the principal, and the profits, income and increases, if any, to be invested, re-invested, or not invested, as she may desire, in any manner, for any purposes, and on any terms and conditions, and for such considerations, as she may desire, and with the corpus of my estate, proceeds from any sales, the principal, and the profits, income and increase, if any, therefrom, to be by her used, enjoyed, consumed, expended and spent, in any manner, for any purposes, and to any extent she may desire, with full, unlimited, and unrestricted rights, powers and authorities in all such respects, it being my intention herein to will to my said wife a qualified fee simple estate in all my estate, real, personal or mixed, only qualified to the extent that whatever amount of same may remain on hand at her death shall pass as hereinafter stated.

3.

On the death of my said wife, Bernice D. Bullock, such of my estate as then remains on hand I will, devise and bequeath as follows:

(a) To Minnie Blewett, Dallas, Texas, the sister of my first wife, now deceased, or to the decendents of the said Minnie Blewett, if she be then deceased, I will and bequeath the amount of $3000.00 cash to be paid from the liquid assets from my estate, if available, otherwise from the sale of personal property, if available, otherwise from the sale of real estate.

(b) To Myrtle Davis, the sister of my first wife, now deceased, or to the decendants of the said Myrtle Davis, if she be then deceased, I will and bequeath the amount of $3000.00 cash to be paid from liquid assets from my estate, if available, otherwise from the sale of personal property, if available, otherwise from the sale of real estate.

\* \* \* \* \* \*

(i) All the balance of my estate, real, personal or mixed, that remains on hand at the death of my wife, Bernice D. Bullock, I will, devise and bequeath as follows;

(1) ⅙ pf [sic] same to my wife's neice [sic] Janice Stogsdill.

(2) ⅙ of same to my wife's neice [sic] Carrie Lee Stogsdill.

(3) ⅙ of same to my grand neice [sic] Glenda Stark.

(4) ⅙ of same to my nephew Charles W. McCallum Jr.

(5) ⅙ of same to my nephew Robert Lawrence McCallum.

(6) ⅙ of same to my nephew Carl Richard McCallum.

Bernice D. Bullock, during the twenty-five years after the probate of Mr. Bullock's will and until her 1977 testate death, made various sales and conveyances of the real and personal estate of Mr. Bullock. It was stipulated that Mrs. Bullock conveyed all of the real and personal estate left by Mr. Bullock, except for two community property tracts of land which vested under the wills of Mr. and Mrs. Bullock and which are not involved in this litigation.

In 1975, Bernice D. Bullock executed her last will, naming the devisees and legatees of her estate. After her death, Glenda Stark, a named beneficiary in Mr. Bullock's will, Gladys Hulsey and Joe Floyd Blewett, the descendants of deceased Minnie Blewett, who was named a beneficiary under Mr. Bullock's will, and Helen Lindsley and Dorothy Iglehart, the descendants of deceased Myrtle Davis, who was a named beneficiary under Mr. Bullock's will, instituted this action. Designated as defendants were Richard Johnson, temporary administrator of the estate of Mrs. Bullock, and devisees and legatees who would inherit under Mrs. Bullock's will.

Plaintiffs, appellees here, pleaded that: Mrs. Bullock took only a life estate in Mr. Bullock's property; they are entitled to follow into Mrs. Bullock's estate the proceeds from the sales and conveyances she made of Mr. Bullock's property; and that Mrs. Bull-

ock so commingled the proceeds with her estate that plaintiffs are entitled to recover out of her estate the bequests made under paragraphs 3(a), 3(b) and 3(i)(3) of Mr. Bullock's will. Defendants, appellants here, joined the issue, pleading that Mr. Bullock's will vested the fee to his property in Mrs. Bullock, who became the owner of all proceeds from the sales and conveyances she made of Mr. Bullock's estate with the right to subject those proceeds, as she did, to her gifts and testamentary disposition.

Following a bench hearing, the trial court construed the will of Mr. Bullock and rendered judgment for plaintiff-appellees. The court construed the will as bequeathing and devising to Mrs. Bullock "not a life estate per se without power of disposition, nor . . . a fee simple per se, but . . [an] estate [which] did include powers of disposition as set forth in said will . .." The court determined that it was Mr. Bullock's intention that appellees should be entitled to trace the proceeds of all sales and dispositions made of Mr. Bullock's estate and have the same interest in such proceeds as they would have had in the property which was sold or otherwise disposed. The court found that Mrs. Bullock so commingled the proceeds with her property that neither the estate nor the individual defendants were able to show the aliquot share of the plaintiffs in the property on hand and in possession of Mrs. Bullock at her death and, therefore, Mrs. Bullock's estate was liable to plaintiff-appellees.

The judgment of the court decreed that plaintiff-appellee Glenda Stark recover a one-sixth (⅙th) interest of and from the estate of Mrs. Bullock, and that plaintiff-appellees Gladys Hulsey, Joe Floyd Blewett, Helen Lindsley and Dorothy Iglehart each recover the sum of $1,500 from Mrs. Bullock's estate. Defendant-appellants have appealed and plaintiff-appellees have responded, plaintiff-appellee Glenda Stark seeking a larger monetary recovery than allowed her in the trial court's judgment.

In defense of the judgment, appellees first refer to the introductory part of paragraph 2 of Mr. Bullock's will reading, "I will, devise and bequeath to my beloved wife, Bernice D. Bullock, for and during her natural life, but with the rights powers and authorities herein shown, all my estate . . . .." Appellees then cite authorities in support of their position that this language conveys to Mrs. Bullock only a life estate in the property devised and bequeathed to them by Mr. Bullock's will, giving them the right to receive the value thereof from Mrs. Bullock's estate upon her death.

To refute the judgment, appellants make the contradictious reference to the last portion of the same paragraph where Mr. Bullock stated, "it being my intention herein to will to my said wife a qualified fee simple estate in all my estate, real, personal or mixed, only qualified to the extent that whatever amount of same may remain on hand at her death shall pass as hereinafter stated." Appellants, in turn, cite authorities supportive of their position that this language conveys a fee estate to Mrs. Bullock, who became possessed of all proceeds from the sales and conveyances she made of Mr. Bullock's property with the right to provide for the disposition of the proceeds.

None of the authorities cited by the parties is dispositive of the construction to be given Mr. Bullock's will. Those authorities, commenting on and construing wills with terms widely dissimilar to those in Mr. Bullock's will, offer no precedents, but only assist in analysis. Because Mr. Bullock's will is an instrument within itself expressing two different intentions to the parties and none of the trial evidence bears on the circumstances surrounding the execution of the will, the real intention of Mr. Bullock must be ascertained by general rules of construction established by adjudicated cases. *Renner v. German,* 207 S.W.2d 671, 674 (Tex.Civ.App.—Amarillo 1947, writ ref'd).

The cardinal rule to be followed by the court in construing a will is to determine the intention of the testator. *Haile v. Holtzclaw,* 414 S.W.2d 916, 922 (Tex.1967). In so doing, all parts of the testamentary writing are to be harmonized and given

force to effectuate the testator's intent. *Welch v. Straach*, 531 S.W.2d 319, 322 (Tex. 1975). If the testator's intent can be ascertained from the language of the entire instrument, then a particular portion of the will which, when considered alone would indicate a contrary intent, must yield to the intention manifested by the whole instrument. *McMurray v. Stanley*, 69 Tex. 227, 6 S.W. 412, 413 (1887). And where technical words are used, they are presumed to be used in their settled legal meaning unless a different meaning is fairly deducible from the whole will. *Mitchell v. Mitchell*, 151 Tex. 1, 244 S.W.2d 803, 806 (1951); *Jones' Unknown Heirs v. Dorchester*, 224 S.W. 596, 601 (Tex.Civ.App.—Amarillo 1920, writ dism'd).

The forepart of paragraph 2 of Mr. Bullock's will giving his estate to his wife "for and during her natural life," when considered alone, conveys only a life estate to Mrs. Bullock. *See, e. g., Edds v. Mitchell*, 143 Tex. 307, 184 S.W.2d 823 (1945). But, when the entire will is considered, that portion is repugnant to, and cannot be harmonized with, the last part of the same paragraph where Mr. Bullock expresses that it is his intention to will a qualified fee simple estate to his wife. Considered in this light, the testamentary writing is infected with the vice of confusion and contradiction, and surely that was not intended by Mr. Bullock.

■ Viewing the will as a whole, the on-balance determination that Mr. Bullock intended to vest in his wife the fee simple title, qualified by his testamentary disposition of any remainder of his estate at her death, is the only ascertained intent which makes paragraph 2 consistent within itself and gives effect to all of the language Mr. Bullock employed. This ascertainment is the sole one which gives credit to both the intention Mr. Bullock explicitly expressed and the meaning the law imparts to the technical term he used in describing the estate he bestowed upon his wife. From this viewpoint, it becomes evident that Mr. Bullock's purpose in inserting the introductory phrase "for and during her natural life" was not to describe the character of the estate, but merely was to fix the time for the exercise of Mrs. Bullock's granted powers which would prevent his estate in remainder from passing under his will at her death. Consistent therewith is Mr. Bullock's recognition that the only part of his estate which would pass upon his wife's death was that which then, in his words, "remains on hand."

Conformable with Mr. Bullock's intent to grant his wife a qualified fee simple estate, his will limits the right of appellees to an inheritance of his property which was undisposed of, by sale or otherwise, at the time of his wife's death. His will gives Mrs. Bullock complete control of the proceeds from the sale or other disposition of his property; and there is nothing in his will to indicate that he intended, or to authorize a holding, that appellees should have the right to follow the proceeds of any part of his estate that was disposed of by his wife. *Accord, McMurray v. Stanley, supra*, 6 S.W.2d at 417; *First National Bank of Corsicana v. DeFoe*, 384 S.W.2d 926, 928 (Tex.Civ.App.—Waco 1964, writ ref'd).

Moreover, the determination that Mr. Bullock intended to vest in his wife a fee simple title, qualified only in the event she died possessed of any property he devised and bequeathed to her, has the virtue of adhering to another established principle of will construction. "Where, as in this case, there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing." *Darragh v. Barmore*, 242 S.W. 714, 716 (Tex.Com.App.1922). By the only fair and harmonious construction that can be given all of the language Mr. Bullock used to express his intention, a qualified fee simple estate was the greatest estate capable of passing to the first taker, Bernice D. Bullock.

Given this construction of Mr. Bullock's will, the judgment must be reversed and judgment must be rendered. Accordingly, the other contentions of the parties are mooted.

The judgment of the trial court is reversed. Judgment is here rendered that appellees Glenda Stark, Gladys Hulsey, Joe Floyd Blewett, Helen Lindsley and Dorothy Iglehart take nothing by their action. Tex. R.Civ.P. 434.

COUNTISS, J., not participating.