Richard Lyon **HOKE** and Clyde McCaherty, **As Executor of The Estate of James William Hoke, Deceased, Appellants,**

v.

Sheila **O'BRYEN**; Barber Segato, Hoffee & Hines; and ConocoPhilips Company, f/k/a Conoco, Inc.; Appellees.

No. 04–06–00790–CV.

Court of Appeals of Texas, San Antonio.

July 18, 2007.

Paul F. Simpson, McGinnis Lochridge & Kilgore, L.L.P., Houston, Scott S. Cooley, McGinnis, Lochridge & Kilgore, L.L.P., Austin, for appellants.

Gary E. Ellison, Gary E. Ellison, P.C., J. Michael Dorman, Locke Liddell & Sapp L.L.P., Houston, for appellees.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

In this appeal from a summary judgment rendered in favor of Sheila O'Bryen; the Illinois law firm of Barber Segato, Hoffee & Hines; and ConocoPhilips Company, we construe the will of an Illinois resident, Robert Hoke, who died in 1962. Because we conclude that Robert conveyed his property to his wife, Mildred, in fee simple absolute, we affirm.

## BACKGROUND

Robert's Last Will and Testament ("will"), which was probated in Illinois, directed as follows:

SECOND, After payment of such funeral expenses and debts, I give, devise and bequeath all of my property of whatsoever kind, both real and personal and mixed, to my beloved wife Mildred F. Hoke, to be hers absolutely forever.

THIRD, In the event of the simultaneous death of myself and my wife from any cause whatsoever, or upon the death of the survivor of us, it is my will that all of my property shall be divided equally between my two sons, RICHARD L. HOKE and JAMES W. HOKE.

FOURTH, In [the] event the THIRD Paragraph of this, my last Will and Testament, shall speak, I nominate and appoint my son, RICHARD L. HOKE, to serve as Executor without sureties on his bond.

Lastly, I make, constitute and appoint [Mildred] to be Executor of this, my last Will and Testament, hereby requesting and directing that no surety be required on her bond as such executor.

After Robert's death, his will was admitted to probate by the Illinois court and Mildred was appointed executor of his estate. At the time of his death, Robert owned an interest in real property in Webb County, Texas ("Texas property"), which is the subject of this protracted dispute. Robert's estate was closed without dispute in June 1969. Mildred later married Paul O'Bryen, and the couple resided in Illinois until Mildred's death in 1997. During their marriage, Mildred and Paul executed an oil, gas and mineral lease on the Texas property with Conoco, Inc., now known as ConocoPhilips Co. ("Conoco").

After Mildred died, Paul applied to an Illinois court to probate Mildred's will, which left the Texas property to Paul. In 1998, Robert and Mildred's sons, Richard and James Hoke (hereinafter, "the Hoke sons") sued in the same Illinois court contesting the probate of Mildred's will. The Hoke sons argued that the Texas property was not part of Mildred's estate and she had no right to bequeath the property to Paul because, under their father Robert's will, their mother received only a fee simple determinable and, upon her death, the Texas property passed to them. The Illinois trial court agreed and declared Mildred had only a life estate and the Hoke sons a remainder. However, in 2001, the Illinois court of appeals reversed. In its 2001 opinion, the Illinois court of appeals concluded the trial court "erred when it gave [Mildred] a life estate and his sons a remainder."

Following Mildred's death, Paul received all royalties derived from the Texas property under the Conoco oil, gas, and mineral lease. Shortly after Mildred's death, Paul married Sheila. Paul subsequently conveyed a two-thirds interest in the Texas property to Sheila and, as payment of legal fees, a one-third interest in the Texas property to his Illinois law firm (Barber, Segatto, Hoffee & Hines).[1]

Back in Texas, the Hoke sons filed the underlying lawsuit against Paul and Conoco in Webb County district court.[2] In this lawsuit, the Hoke sons again argued that

1. Since April 2001, Barber, Segatto has received royalties derived from Paul's conveyance of one-third interest. Paul died in 2002; therefore, Sheila now receives royalties derived from Paul's former two-thirds interest. In related litigation, in January 2002, the Illinois court declared that the royalty payments arising from the lease on the Texas property were the sole property of Paul and any of Paul's assigns. Thus, Conoco was ordered to make all royalty payments to Paul and Barber, Segatto.

2. After Paul's death, the Hoke sons added Sheila and Barber, Segatto. One of the sons, James Hoke, died and his executor, James McCaherty, was substituted in his place.

Robert conveyed a fee simple determinable to Mildred; therefore, the Texas property passed to them upon Mildred's death. The parties filed cross-motions for summary judgment. Sheila moved for summary judgment on the grounds that the Hoke sons' claims were barred by res judicata, judicial estoppel, laches, and limitations; and on the grounds that Robert granted Mildred a fee simple absolute in the Texas property under his will. Conoco moved for summary judgment on these same grounds (except judicial estoppel), as well as on the grounds that it was entitled to summary judgment on the Hoke sons' claims for accounting and non-payment or failure to pay royalties. The Hoke sons moved for a partial summary judgment on the grounds that their claims were not barred by res judicata and that Robert's will conveyed a fee simple determinable interest to Mildred that terminated when she died. Following a hearing on the motions, the Webb County district court rendered summary judgment in favor of Sheila and Conoco. This appeal by the Hoke sons ensued.

## CONSTRUCTION OF ROBERT'S WILL

■ No party disputes the validity or authenticity of either Robert's or Mildred's will. Instead, the dispute centers on the type of estate conveyed by Robert to Mildred under Robert's will. A "fee simple absolute" is an estate over which the owner has unlimited power of disposition in perpetuity without condition or limitation. *Walker v. Foss*, 930 S.W.2d 701, 706 (Tex. App.-San Antonio 1996, no writ). A "fee simple determinable" is an estate that automatically expires upon the happening of a limiting event. *Id.* The Hoke sons argue their father conveyed only a fee simple determinable to their mother under his will. Therefore, according to the Hoke sons, when their mother died, the Texas property was not part of her estate; instead, the property automatically passed to them.

■ We look for the testator's intent as revealed in the language of the entire will. *Welch v. Straach*, 531 S.W.2d 319, 321 (Tex.1975); *see also Kelley v. Marlin*, 714 S.W.2d 303, 305 (Tex.1986) (testator's intent single most important factor). We harmonize all provisions if at all possible to give effect to that intent. *Welch*, 531 S.W.2d at 322. When a will is plain in its terms and unambiguous in its meaning as to the lawful intentions of the testator, it is a legal question for the court to interpret the will and carry out the testator's wishes. *Marlin v. Kelly*, 678 S.W.2d 582, 587 (Tex. App.-Houston [14th Dist.] 1984), *aff'd*, 714 S.W.2d 303 (Tex.1986).

■ "Generally, the greatest estate will be conferred on a devisee that the terms of the devise permit; and when an estate is given in one part of a will, in clear and decisive terms, it cannot be cut down or taken away by any subsequent words that are not equally clear and decisive ... an estate clearly given in one part of a will cannot be disturbed by a subsequent clause which is ambiguous to uncertain in its meaning." *Benson v. Greenville Nat'l Exch. Bank*, 253 S.W.2d 918, 922 (Tex.Civ. App.-Texarkana 1952, writ ref'd n.r.e.); *see also Wenzel v. Menchaca*, 354 S.W.2d 635, 639 (Tex.Civ.App.-El Paso 1962, writ ref'd n.r.e.) (when an estate in land is devised, it is deemed a fee simple estate, unless expressly and clearly limited to a lessor estate); *Gilliam v. Mahon*, 231 S.W. 712, 713 (Tex. Com. App.1921). A lesser estate must be created by express words or operation of law; otherwise, we read a devise to be in fee simple absolute. *Benson*, 253 S.W.2d at 922; *see also* TEX. PROP.CODE ANN. § 5.001(a) (Vernon 2004) (for real property). A condition that defeats an

estate must be strictly construed. *Benson*, 253 S.W.2d at 922.

Here, the language in the "Second" paragraph, which states "I give, devise and bequeath all of my property of whatsoever kind, both real and personal and mixed, to my beloved wife Mildred F. Hoke, to be hers absolutely forever" gave Mildred a fee simple estate in clear and decisive language. The issue we must resolve is whether the language in the "Third" paragraph limited this estate. The Third paragraph states: "In the event of the simultaneous death of myself and my wife from any cause whatsoever, or upon the death of the survivor of us, it is my will that all of my property shall be divided equally between my two sons. . . ." The first clause of the "Third" paragraph ("In the event of the simultaneous death of myself and my wife from any cause whatsoever") clearly does not limit the estate conveyed to Mildred. Instead, this clause provides for the possibility of both Robert and Mildred dying simultaneously, in which event, Robert's property passed to his sons. The dispute here involves the next clause: "or upon the death of the survivor of us." The Hoke sons argue this clause limits the estate conveyed to Mildred in the "Second" paragraph, creating a fee simple determinable. We disagree. The Hoke sons' argument takes the challenged phrase out of context and gives it greater emphasis over the entirety of the language of Robert's will.

The "Second" paragraph conveys Robert's property to Mildred in clear and decisive language. The language of the "Third" paragraph, when read as a whole, provides for the contingency of simultaneous deaths and does not clearly and expressly limit the estate conveyed in the "Second" paragraph. *See Cox v. Rice Trust Inc.*, 648 S.W.2d 758, 760 (Tex.App.-Tyler 1983, no writ).[3] Thus, we conclude Robert's will conveyed to Mildred a fee simple absolute.

Our construction of Robert's will as conveying a fee simple absolute is bolstered by the language of the "Fourth" paragraph of the will in which Robert appoints his son Richard as his executor, "[i]n [the] event the Third Paragraph of [Robert's] last Will and Testament, shall speak." This paragraph makes no distinction between Robert and Mildred's simultaneous deaths and the death of only one with the other surviving. Instead, the "Fourth" paragraph refers to the "Third" paragraph as a whole ("In [the] event the Third Paragraph . . . shall speak. . . ."). This lack of distinction indicates Robert intended that the "Third" paragraph "speak" only to simultaneous deaths.

Reading Robert's will as a whole and harmonizing all parts of the will to the extent possible, we conclude the trial court

---

**3.** The *Cox* court construed the following language:

In the event that our deaths should occur simultaneously or approximately so, or in the same common accident or calamity, or under circumstances causing a reasonable doubt as to which of us survived the other, *or if one of us should have predeceased the other*, then in that event and only in that event, it is our will and desire, and the will and desire of each of us, that all of the property and estate of every description, real, personal and mixed, which either of us may own or have an interest in at the time of our deaths, hereby intending to include both community property and separate property, shall past and vest in fee simple, share and share alike, to the following named legatees: . . . .

648 S.W.2d at 760 (emphasis added). The court held that "the fee simple estate devised to Lodi by Harry under Paragraph I controlled Harry's testamentary disposition of his properties and is unaffected by the uncertain and ambiguous language of Paragraph III." *Id.*

did not err in rendering summary judgment in favor of appellees on the grounds that Robert's will conveyed to Mildred a fee simple absolute.

## CONCLUSION

When, as here, the trial court does not state the theory on which it rendered summary judgment, we will affirm the summary judgment if any one of the theories advanced is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Panatrol Corp. v. Emerson Elec. Co.,* 163 S.W.3d 182, 186 (Tex.App.-San Antonio 2005, pet. denied). Because one of the grounds on which Sheila and Conoco sought summary judgment was the construction of Robert's will, we need not address the other possible grounds on which summary judgment could have been rendered. We affirm the trial court's judgment.