**Reversed and Rendered, in part, Affirmed, in part, and Opinion Filed January 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01350-CV

## IN RE ESTATE OF PATRICIA ANN HERNANDEZ, DECEASED

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2002-1-40P**

## MEMORANDUM OPINION
Before Justices Lang, Evans, and Schenck
Opinion by Justice Lang

David Pena appeals the trial court's final judgment[1] in favor of Eric H. Farley. Pena raises one issue on appeal arguing "the trial court erred by finding that the clauses in Patricia Hernandez's will conveyed a life estate [to her husband, Efrin Arturo Hernandez]." Based on the argument in his brief, we construe Pena to contend the trial court's final judgment, as a matter of law, is erroneous because: (1) Patricia Hernandez's will was unambiguous and conveyed her

---

[1] For the purposes of this appeal, we deem the final judgment to consist of two documents, the declaratory judgment and the "order granting summary judgment," which in substance is a judgment based on the jury's verdict. The declaratory judgment dated October 26, 2016, incorporates the jury's verdict that it was Patricia Hernandez's intent to give Arturo Hernandez a life estate and orders that Eric Farley recover his attorneys' fees from Pena. The "order granting summary judgment" dated November 10, 2016, awards Eric Farley the property in Arturo Hernandez's possession. Dispositive orders need not appear in one document for a judgment to become final. *See Azbill v. Dallas Cty. Child Protective Servs. Unit of Tex. Dep't of Human & Regulatory Servs.*, 860 S.W.2d 133, 137 (Tex. App.—Dallas 1993, no writ); *Radelow-Gitten Real Prop. Mgmt. v. Parmex Foods*, 735 S.W.2d 558, 560 (Tex. App.—Dallas 1987, writ ref'd n.r.w.). Since there can be only one final judgment entered in any cause, the two orders are construed as a single judgment. TEX. R. CIV. P. 301; *see Port Distrib. Corp. v. Fritz Chem. Co.*, 775 S.W.2d 669. 670 (Tex. App.—Dallas 1989, writ dism'd by agr.).

property in "fee simple [absolute]"[2] to Arturo Hernandez; and (2) in the alternative, if the will was ambiguous, as a matter of law, the first person to take under the will should be granted the greatest estate the grant is capable of passing, i.e., a fee simple absolute. The trial court erred when it concluded the will was ambiguous. However, we disagree with the parties' characterization of the estate devised to Arturo Hernandez as, on the one hand a fee simple absolute, or on the other hand, a life estate. We conclude that Arturo Hernandez received a fee simple determinable in the property that passed to him from his wife Patricia Hernandez's estate. Further, we conclude Eric Farley, as the executory interest holder, received a fee simple absolute interest in the property Arturo Hernandez still held at the time of his death which he received from his wife's estate. The trial court's final judgment is reversed and rendered, in part, and affirmed, in part.

## I. FACTUAL AND PROCEDURAL CONTEXT

Jack Farley was a businessman who made his living through agriculture and his "interest in a bank in Whitewright." Jack Farley died in 1999. His will provided that his real property was to be divided as follows: (1) one half of his property was to go to his son, John Farley; (2) one quarter of his property was to go his daughter, Patricia Hernandez née Farley; and (3) one quarter of his property was to go to his grandson, Eric Farley, who is Patricia Hernandez's son from her first marriage. After several family meetings, the family members reached an agreement about the division of the specific parcels of land. As a result of the agreement, Patricia Hernandez's inheritance included parcels of land designated as Fannin County Appraisal District Nos. 76854, 79937, and 113857.

---

[2] At trial and on appeal the parties argue about whether the property was conveyed in "fee simple." They do not specify the type of fee simple, e.g., a fee simple absolute, a fee simple determinable, or a fee on condition subsequent. Based on the parties argument it appears that they are referring to a fee simple absolute. Further, it has been noted that a "fee simple" is also referred to as a "fee simple absolute." *See Walker v. Foss*, 930 S.W.2d 701, 706 (Tex. App.—San Antonio 1996, no writ) (noting a fee simple is also referred to as a fee simple absolute). Accordingly, throughout this opinion we will refer to a fee simple absolute when addressing the parties' arguments.

Patricia Hernandez married Arturo Hernandez, her second husband, in 1973. "[F]or a while," David Pena, Arturo Hernandez's second cousin, lived with them. Arturo Hernandez and Pena made saddles, "worked the cattle," and "did all the farming" on Patricia Hernandez's land. On April 13, 2000, Patricia Hernandez executed a will that was prepared with the aid of legal counsel. She died on January 15, 2001.

Pursuant to Patricia Hernandez's will, Arturo Hernandez was appointed the executor. Paragraph IV of the will made the following devise:

IV.

The rest and residue of my estate, both real, personal and mixed property of every kind and character whatsoever I may own or have any interest in at my death, is hereby bequeathed to my husband, ARTURO HERNANDEZ, to do with as he desires. Upon the death of my husband, ARTURO HERNANDEZ, I give, devise and bequeath any of the rest and residue of my estate both real, personal and mixed property of every kind whatsoever that he may own or have any interest in to my son, ERIC H. FARLEY.

Patricia Hernandez's estate included several tracts of land, which she previously inherited from Jack Farley, including the parcels of land designated as Fannin County Appraisal District Nos. 76854, 79937, and 113857.

As indicated above, the will stated it initially devised the property of Patricia Hernandez to Arturo Hernandez. However, on July 18, 2002, Arturo Hernandez, as executor of her estate, executed a general warranty deed conveying some of the real property in her estate, specifically, tracts 1–12, to himself for $10.00 consideration.[3]

---

[3] The record reflects that during this litigation, tracts 6–8 were referred to as Fannin County Appraisal District No. 76854 and tracts 4, 9, and 10 were referred to as Fannin County Appraisal District No. 79937.

On November 29, 2004, Arturo Hernandez, as executor, filed an inventory and appraisal of the estate. In that inventory, he listed tracts 1–12 and identified an appraised value for each as follows:[4]

| Tract No. | Acreage | Appraisal |
|-----------|---------|-----------|
| 1 | 54.4 | $57,000 |
| 2 | 48.886 | $49,000 |
| 3 | 25 | $25,000 |
| 4 | 185.82 | $30,000 |
| 5 | 46.519 | $47,000 |
| 6 | 78.951 | $79,000 |
| 7 | 36.782 | $37,000 |
| 8 | 10 | $10,000 |
| 9 | 1.464 | $1,500 |
| 10 | 50 | $50,000 |
| 11 | 75.5 | $76,000 |
| 12 | 39.91 | $40,000 |

On December 1, 2004, the trial court signed an order approving the inventory and appraisement.

On June 18, 2009, Arturo Hernandez, individually, executed a general warranty deed conveying tracts 11 and 12 to A.H. Farms L.L.C. for $10.00 consideration.[5]

Litigation commenced among Arturo Hernandez, Eric Farley, and Chris Farley (the surviving spouse of John Farley). That case was settled through a Rule 11 Agreement, which was filed in the trial court on April 2, 2013. The Rule 11 Agreement does not mention the tracts of land designated as Fannin County Appraisal District Nos. 76854, 79937, and 113857.

Arturo Hernandez died on October 3, 2013. According to Eric Farley, at the time of his death, Arturo Hernandez owned 100% of A.H. Farms L.L.C.[6] Pena was the executor of Arturo Hernandez's estate.

---

[4] The inventory and appraisal contained detailed descriptions of the property. The chart in this opinion shows only the tract numbers, acreages, and appraised values.

[5] The record reflects that tract 11 and part of tract 12 were referred to in the litigation as Fannin County Appraisal District No. 113857.

[6] Pena testified he and Arturo Hernandez were partners in A.H. Farms.

On October 22, 2014, Eric Farley filed an application requesting to be appointed successor independent executor of the Patricia Hernandez estate because it had not been closed and issues remained concerning the property owned by Patricia Hernandez. On December 4, 2014, Pena filed an application requesting that he be appointed the successor independent administrator and an application to close the independent administration.

On February 17, 2015, Eric Farley filed his first petition for a declaratory judgment and construction of the will. In part, he requested a declaration that under Paragraph IV of the will Arturo Hernandez acquired a life estate, which then passed to Eric Farley in fee simple absolute. On March 31, 2015, Pena filed a counter-petition for declaratory judgment. Pena argued that the Rule 11 Agreement precluded Eric Farley from arguing that the properties were not Arturo Hernandez's and the property had already be distributed so there was nothing remaining in the estate for Eric Farley to inherit.

On March 27, 2015, Eric Farley filed his motion for traditional summary judgment arguing he was entitled to judgment, as a matter of law, because there was no issue of material fact necessary to establish that the will created a life estate in Arturo Hernandez. Pena responded, in part, that Patricia Hernandez's will left her property to Arturo Hernandez in fee simple absolute when she stated he could "use the property however he wishes . . . . and [he] did just that when he deeded the property to himself." Further, Pena asserted that the property was distributed and nothing remains to be distributed to Eric Farley.[7] On October 27, 2015, the trial court signed an order denying Eric Farley's motion for summary judgment and in the order the trial court stated the reason for the denial was the will was ambiguous. On May 18, 2016, Eric

---

[7] It was Pena's position that Arturo Hernandez inherited the property in fee simple absolute from Patricia Hernandez and Pena inherited the property from Arturo Hernandez.

Farley filed a motion for reconsideration, arguing, in part, that Patricia Hernandez's will was not ambiguous, which the trial court denied.

On September 20–21, 2016, the case was tried to a jury. During the trial, Aubrey Myrick, Patricia Hernandez's uncle through marriage, testified that around the time she was contemplating having a will drafted, she confided in him that she wanted all of her estate to go to Arturo Hernandez to use during his lifetime and at the end of his life, anything that was left to go to Eric Farley. Also, Eric Farley testified his mother told him that she wanted Pena to have a house and 25 acres, Arturo to get a life estate of the property, and upon Arturo Hernandez's death, the property was to go to him "because it had been in the family since it was deeded from the State of Texas to the family." However, Pena testified that John Farley and Eric Farley were trying to get Patricia Hernandez to draft her will to give Arturo Hernandez a life estate, but she was worried about Arturo Hernandez not being able to sell anything. The jury charge asked a single question: "Did Patricia Ann Hernandez intend to bequeath a life estate to Arturo Hernandez by her Last Will and Testament?" The jury answered "yes." On October 26, 2016, the trial court signed a declaratory judgment incorporating the jury's verdict that the will conveyed a life estate to Arturo Hernandez and awarded Eric Farley attorneys' fees.

On October 26, 2016, Eric Farley filed a "second motion for reconsideration" of his motion for summary judgment, which in substance was a motion for judgment on the jury verdict.[8] On November 10, 2016, the trial court signed two separate orders: (1) an "order appointing successor executor and for issuing letters testamentary," which granted Eric Farley's application to be appointed successor executor of Patricia Hernandez's estate; and (2) an "order

---

[8] Eric Farley's second motion for reconsideration stated that the trial court denied his motion for summary judgment because it found that the language of Patricia Hernandez's will created a fact issue as to intent and the jury found that it was her intent to devise a life estate to Arturo Hernandez. In light of the jury's verdict, which was incorporated into the trial court's declaratory judgment, Eric Farley sought reconsideration of his motion for summary judgment and an order confirming that Patricia Hernandez's property possessed by Arturo Hernandez at his death passed to him.

granting summary judgment," which (a) declared that, at the time of his death, Arturo Hernandez possessed or had an interest in the property belonging to Patricia Hernandez's estate designated as Fannin County Appraisal District Nos. 76854, 79937, and 11385, and (b) ordered that Eric Farley, as successor independent executor, recover all of that real property from Pena, the independent executor of Arturo Hernandez's estate. On November 14, 2016, Pena filed a motion for new trial, which the trial court denied.

## II. AMBIGUITY OF THE WILL AND CHARACTERIZATION OF THE ESTATE

In his sole issue on appeal, Pena argues the trial court's final judgment is in error, as a matter of law, because: (1) Patricia Hernandez's will was unambiguous and conveyed her property in "fee simple [absolute]" to Arturo Hernandez; and (2) in the alternative, if the will was ambiguous, as a matter of law, the first person to take under the will should be granted the greatest estate the grant is capable of passing, i.e., a fee simple absolute. Eric Farley responds that "[t]he trial court properly entered a [d]eclaratory [j]udgment on the jury's verdict" and "summary judgment proof establishe[d] that Eric Farley was entitled to summary judgment as a matter of law." We agree with Pena that the trial court erred when it determined Patricia Hernandez's will was ambiguous, but we disagree with the parties' characterization of the estate devised. *See Cooley v. Williams*, 31 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

### A. Standard of Review

The determination of whether a will is ambiguous is a question of law. *See In re Estate of Morgenroth*, No. 05-15-00777-CV, 2016 WL 4010053, at *2 (Tex. App.—Dallas July 25, 2016, no pet.) (mem. op.); *see also Martin v. Brown*, No. 03-15-00492-CV, 2016 WL 4690308, at *3 (Tex. App.—Austin Aug. 25, 2016, pet. denied) (mem. op.); *In re Estate of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.); *Harris v. Hines*, 137 S.W.3d 898, 903

–7–

(Tex. App.—Texarkana 2004, no pet.).  Appellate courts review the trial court's determination of whether a will is ambiguous under a de novo standard of review.  *See Martin*, 2016 WL 4690308, at \*3; *Estate of Slaughter*, 305 S.W.3d at 808; *Harris*, 137 S.W.3d at 903.  In a de novo review, no deference is accorded to the trial court's decision.  *See Estate of Slaughter*, 305 S.W.3d at 808; *Harris*, 137 S.W.3d at 903.  When a trial court's construction of an unambiguous term in a will is erroneous, an appellate court will reverse the trial court's judgment and render the judgment the trial court should have rendered.  *See In re Estate of Neal*, No. 02-16-00381-CV, 2018 WL 283780, at \*2 (Tex. App.—Fort Worth Jan. 4, 2018, no pet. h.) (mem. op. on reh'g); *Estate of Slaughter*, 305 S.W.3d at 812.

### B.  Applicable Law

### 1.  Will Construction

When interpreting a will, courts focus on the testator's intent as reflected in the instrument as a whole.  *See Hysaw v. Dawkins*, 483 S.W.3d 1, 7 (Tex. 2016); *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000).  The intent must be drawn from the will, not the will from the intent.  *See Hysaw*, 483 S.W.3d at 7; *Lang*, 35 S.W.3d at 639.  Accordingly, courts do not focus on what the testator intended to write, but the meaning of the words he actually used.  *See Hysaw*, 483 S.W.3d at 7; *Lang*, 35 S.W.3d at 639.  Ascertaining intent from the four corners of a will requires careful examination of the words the testator chose and the sense in which the words were used by the testator is the ultimate criterion.  *See Hysaw*, 483 S.W.3d at 7; *Lang*, 35 S.W.3d at 639.  If possible, a court harmonizes all provisions of the will to give effect to the testator's intent.  *See Hoke v. O'Bryen*, 281 S.W.3d 457, 460 (Tex. App.—San Antonio 2007, no pet.); *Cooley*, 31 S.W.3d at 812.

A will is unambiguous when it can be given a definite interpretation.  *See Estate of Morgenroth*, 2016 WL 4010053, at \*2; *see also In re Estate of Setser*, No. 01-15-00855-CV,

2017 WL 444452, at *2 (Tex. App.—Houston [1st Dist.] Feb. 2, 2017, no pet.) (mem. op.). The meaning of an unambiguous will is a question of law for the court. *See Estate of Morgenroth*, 2016 WL 4010053, at *2; *Estate of Setser*, 2017 WL 444452, at *2. If the will is unambiguous, a court should not go beyond the specific terms in search of the testator's intent. *See Lang*, 35 S.W.3d at 639.

A will is ambiguous only when the established rules of construction leave its terms susceptible to more than one meaning *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Estate of Sester*, 2017 WL 444452, at *2. Such ambiguity does not arise merely because the parties disagree on the will's interpretation or because of a simple lack of clarity. *See Estate of Morgenroth*, 2016 WL 4010053, at *3. When a will is ambiguous, its interpretation usually is a fact issue and a court may consider extrinsic evidence of the testator's intent. *See Hysaw*, 483 S.W.3d at 8; *Lang*, 35 S.W.3d at 639; *see also Estate of Sester*, 2017 WL 444452, at *2. However, even in cases of ambiguous instruments, if the extrinsic evidence is undisputed as to the circumstances, the construction is still a question of law for the court. *See Estate of Slaughter*, 305 S.W.3d at 808.

### 2. Fee Simple

"An estate in land that is conveyed or devised is a fee simple unless the estate is limited by express words or unless a lesser estate is conveyed or devised by construction or operation of law." TEX. PROP. CODE ANN. § 5.001(a) (West 2014); *Knopf v. Gray*, No. 10-15-00273-CV, 2017 WL 131863, at *2 (Tex. App.—Waco Jan. 11, 2017, pet. filed) (mem. op.). Generally, the greatest estate will be conferred on a devisee that the terms of the devise permit. *See Hoke*, 281 S.W.3d at 460. "[W]hen an estate is given in one part of a will, in clear and decisive terms, it cannot be cut down or taken away by any subsequent words that are not equally clear and decisive." *See Hoke*, 281 S.W.3d at 460; *Cooley*, 31 S.W.3d at 812. A lesser estate must be

created by express words or operation of law. *See* PROP. § 5.001(a); *Hoke*, 281 S.W.3d at 460; *Cooley*, 31 S.W.3d at 812. Otherwise, a devise is read to be in fee simple absolute. *See Hoke*, 281 S.W.3d at 460; *Cooley*, 31 S.W.3d at 812–13.

A "fee simple absolute" is an estate over which the owner has unlimited power of disposition in perpetuity without condition or limitation. *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Hoke*, 281 S.W.3d at 460; *Cooley*, 31 S.W.3d at 813. A fee simple absolute is an estate in fee simple that is not subject to a special limitation, a condition subsequent, or an executory limitation. *See Crowell v. Tex. A&M Univ. Sys.*, No. 05-94-01510-CV, 1995 WL 316833, at *5 (Tex. App.—Dallas May 25, 1995, writ denied) (not designated for publication) (citing RESTATEMENT OF PROPERTY § 15 (1936)).[9]

A fee simple estate subject to an "executory limitation" is called a "determinable fee simple estate" or a "fee simple determinable."[10] *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Cooley*, 31 S.W.3d at 813. An "executory limitation" is an event which, if it occurs, automatically divests one of the devised property. *Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Cooley*, 31 S.W.3d at 813. A "fee simple determinable" is an estate that automatically expires on the happening of a named event. *See Walker v. Foss*, 930 S.W.2d 701, 706 (Tex. App.—San Antonio 1996, no writ). This is a fee simple interest in every respect, except that it passes to another if the contingency occurs. *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Cooley*, 31 S.W.3d at 813. Until the occurrence of the contingency, the recipient has an "executory interest." *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Cooley*, 31 S.W.3d at 813.

---

[9] Opinions and memorandum opinions no designated for publication prior to January 1, 2003 have no precedential value but may be cited. TEX. R. APP. P. 47.7(b).

[10] *See Cooley*, 31 S.W.3d at 813 n.1 (noting a determinable fee simple is also known as a "base," "defeasible," "qualified," or "conditional" fee simple).

While no specific words are needed to create a fee simple determinable, certain words generally indicate an intent to create one. *See Singer v. State*, 391 S.W.3d 627, 632 n.2 (Tex. App.—El Paso 2012, pet. denied). The terms "while," "during," "until," or "so long as" are examples of words used to establish an intent to create a fee simple determinable. *See Singer*, 391 S.W.3d at 632 n.2; *see also Crowell*, 1995 WL 316833, at *5. Typical language establishing a fee simple determinable includes: "When I die, my property goes to A (in fee), and when A dies, *any property remaining* goes to B." *See Cooley*, 31 S.W.3d at 813 & n.2 (emphasis in orig.) (listing cases that provide examples of language devising fee simple determinable).

The first taker of a fee simple determinable has complete power of control and disposition of the property during his lifetime. *See Barker v. Rosenthal*, 875 S.W.2d 779, 782 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Johnson v. Stark*, 585 S.W.2d 900, 904 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.); *Jones v. Walter*, 423 S.W.2d 180, 182 (Tex. Civ. App.—Amarillo 1967), *aff'd*, 436 S.W.2d 130 (Tex. 1968); *First Nat'l Bank of Corsicana v. DeFoe*, 384 S.W.2d 926, 928 (Tex. Civ. App.—Waco 1964, writ ref'd). In a fee simple determinable, the first taker is entitled to the proceeds of the property disposed of by him. *See Johnson*, 585 S.W.2d at 904; *First Nat'l*, 384 S.W.2d at 928. The first taker may devise the proceeds, and the executory interest holder has no right to trace and recover those proceeds. *See Barker*, 875 S.W.2d at 782; *Johnson*, 585 S.W.2d at 904; *Moore v. Wardlaw*, 522 S.W.2d 552, 561 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e); *First Nat'l*, 384 S.W.2d at 928.

### 3. Life Estate

A will creates a "life estate" if the language of the will manifests an intention on the testator's part to pass to the first taker a right to possess, use, or enjoy the property during his life. *See Singleton v. Donalson*, 117 S.W.3d 516, 518 (Tex. App.—Beaumont 2003, pet. denied); *Cooley*, 31 S.W.3d at 813; *Miller v. Wilson*, 888 S.W.2d 158, 161 (Tex. App.—El Paso

–11–

1994, writ denied). A testator may give the power of disposition with the life estate. *See Edds v. Mitchell*, 184 S.W.2d 823, 825 (Tex. 1945); *Singleton*, 117 S.W.3d at 518; *Cooley*, 31 S.W.3d at 813.

No particular language is required to make a life estate. *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also In re Estate of Craigen*, 305 S.W.3d 825, 827 (Tex. App.—Beaumont 2010, no pet.); *Cooley*, 31 S.W.3d at 813. A "life estate" is created by words showing intent to give the right to possess, use, and enjoy the property during life. *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Cooley*, 31 S.W.3d at 813. There can be no life estate in property, real or personal, without a remainder. *See Estate of Morgenroth*, 2016 WL 4010053, at *3.

Dispositions of life estate property by the life tenant must be within the authority of the will. *See Edds*, 184 S.W.2d at 825. If the life tenant is given the power to sell and reinvest any life tenancy property, the life tenant is subject, with respect to the sale and reinvestment of the property, to all of the fiduciary duties of a trustee imposed by the Texas Trust Code or the common law. PROP. § 5.009(a) (West 2014). Because a life estate terminates upon the death of the life tenant, the power to dispose of the property does not empower a life tenant to devise any of the property that remains at his death. *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Cooley*, 31 S.W.3d at 813; *Montgomery*, 930 S.W.2d at 777 & n.1. Proceeds of the sale made by the life tenant, undisposed of at the time of his death, as well as the unsold part of the very property devised, pass to the remainderman. *See Edds*, 184 S.W.2d at 825; *Singleton*, 117 S.W.3d at 519. If a life estate holder has the right of full disposition and the right to use the proceeds without accounting to anyone, then the remainderman is entitled to trace the proceeds of the sale. *See Moore*, 522 S.W.2d at 559 (discussing *Edds*, 184 S.W.2d 813).

### C. Application of the Law to the Facts

Patricia Hernandez's will devised her property to her second husband, Arturo Hernandez, "to do with as he desires." She also devised to her son, Eric Farley, upon the death of Arturo Hernandez "the rest and residue of [her] estate . . . that [Arturo Hernandez] may own or have any interest in." We must determine whether Patricia Hernandez's intent in drafting this devise can be given a definite interpretation or is susceptible to more than one meaning. *See Estate of Morgenroth*, 2016 WL 4010053, at *3 (will ambiguous only when established rules of construction leave its terms susceptible to more than one meaning).

In its order denying Eric Farley's motion for summary judgment, the trial court sua sponte concluded the will is ambiguous, stating the following:

> The provisions both indicate that the particular gift specified is given to Arturo "to do with as he desires," which suggest a gift in fee simple. However, the provisions also both provide for a remainderman to receive the gift "upon the death of my husband, Arturo Hernandez," which, unless completely ignored, suggests a life estate.

> Looking solely within the four corners of the will itself, the court cannot find as a matter of law that the will is not capable of more than one meaning, that the testator's intent can be clearly discerned, and that the will is not ambiguous as it pertains to whether the provisions in question create a life estate or a gift in fee simple [absolute].

However, ambiguity does not arise merely because Pena and Eric Farley disagree or because of simple lack of clarity. *See Estate of Morgenroth*, 2016 WL 4010053, at *3. Accordingly, we must carefully examine the four corners of Patricia Hernandez's will to see if her intent may be unambiguously drawn from the will. *See Hysaw*, 483 S.W.3d at 7; *Lang*, 35 S.W.3d at 639.

Specifically, Pena claims the will gave Arturo Hernandez a fee simple absolute because "[t]here is no limitation in this designation of benefit to Arturo Hernandez" and the grant "gives him the right to do anything with the property." However, a fee simple absolute gives the owner unlimited power of disposition in perpetuity without condition or limitation. *See Estate of*

*Morgenroth*, 2016 WL 4010053, at *3 (describing fee simple absolute). That is not the case here because the will also states that upon the death of Arturo Hernandez the "rest and residue" of the estate passes to Eric Farley. Eric Farley denies Arturo Hernandez inherited the property in fee simple absolute and contends that, as found by the jury, the will provided for a life estate in Arturo Hernandez and the remainder passed to Eric Farley.

We review de novo the trial court's conclusion the will is ambiguous. *See Martin*, 2016 WL 4690308, at *3; *Estate of Slaughter*, 305 S.W.3d at 808; *Harris*, 137 S.W.3d at 903. A will is ambiguous only when the established rules of construction leave its terms susceptible to more than one reasonable meaning. *See Estate of Morgenroth*, 2016 WL 4010053, at *3; *see also Estate of Sester*, 2017 WL 444452, at *2; *Estate of Slaughter*, 305 S.W.3d at 809. We must determine if these provisions may be harmonized to ascertain if Patricia Hernandez's intent may be unambiguously drawn from the will. *See Hoke*, 281 S.W.3d at 460 (all provisions are harmonized to give effect to testator's intent); *Cooley*, 31 S.W.3d at 812.

The part of the residuary clause devising the estate to Arturo Hernandez is not limited to his right to possess, use or enjoy the property during his life. *See Singleton*, 117 S.W.3d at 518 (describing a life estate). Instead, the will states that Arturo Hernandez has the right "to do with [the property] as he desires." Although there is no specific formula of words required to create a life estate, Patricia Hernandez's will must have clearly and unequivocally provided for a life estate to overcome the presumption that she intended to give Arturo Hernandez an estate greater than a life estate. *See Estate of Morgenroth*, 2016 WL 4010053, at *4. Here, the clause does not explicitly grant Arturo Hernandez the property for his life using a phrase such as "during his life" or "as long as he lives." *See Estate of Morgenroth*, 2016 WL 4010053, at *4. Further, the will states the "rest and residue" of the estate passes to Eric Farley.

–14–

In accordance with the applicable rules of interpretation, we conclude the language in Paragraph IV of the will unambiguously, as a matter of law, conveyed the property of Patricia Hernandez to Arturo Hernandez in fee simple determinable. The first sentence in Paragraph IV, "my estate . . . is hereby [devised] to my husband, ARTURO HERNANDEZ, to do with as he desires," definitively conveys a fee simple in Arturo Hernandez. However, the second sentence in Paragraph IV limits that fee simple interest by expressly stating, "[u]pon the death of my husband, ARTURO HERNANDEZ, I give, devise and bequeath any of the rest and residue of my estate . . . that he may own or have any interest in to my son, ERIC H. FARLEY," devised to Eric Farley whatever interest Arturo Hernandez, upon his death, still held in the property. The occurrence of the "executory limitation," i.e., Arturo Hernandez's death, automatically divested his estate of the remaining devised property operating as a fee simple determinable causing that property to pass to Eric Farley in fee simple absolute. Our conclusion is consistent with standard words and phrases that indicate an intent to create a fee simple determinable.[11] *See Estate of Morgenroth*, 2016 WL 4010053, at *4.

Pena's issue on appeal is decided in his favor.

### III. CONCLUSION

The trial court erred when it concluded that Patricia Hernandez's will was ambiguous because, as a matter of law, the will unambiguously devised a fee simple determinable to Arturo Hernandez with an executory interest in the remaining property to Eric Farley.

The trial court's final judgment appears in two documents, the declaratory judgment and the "order granting summary judgment." We reverse and render, in part, and affirm, in part, the trial court's final judgment. Specifically, the declaratory judgment is reversed and judgment is

---

[11]The following describes the typical language establishing a fee simple determinable: "When I die, my property goes to A (in fee), and when A dies, *any property remaining* goes to B." *See Cooley*, 31 S.W.3d at 813 & n.2. That is essentially what appears in Patricia Hernandez's will.

rendered declaring that Patricia Hernandez's will, through the residuary clause in Paragraph IV, conveyed the property in fee simple determinable to Arturo Hernandez with an executory interest to Eric Farley in fee simple absolute. As to the "order granting summary judgment," it specifically identifies the real property belonging to Patricia Hernandez's estate "that was possessed by Arturo Hernandez or in which Arturo Hernandez had an interest in at the time of his death" and awards that real property to Eric Farley. Pena does not challenge that "order" on appeal. Accordingly, the "order granting summary judgment" is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

161350F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE ESTATE OF PATRICIA ANN
HERNANDEZ, DECEASED

No. 05-16-01350-CV

On Appeal from the County Court at Law
No. 1, Grayson County, Texas
Trial Court Cause No. 2002-1-40P.
Opinion delivered by Justice Lang. Justices
Evans and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and **RENDERED**, in part, and **AFFIRMED**, in part.  The trial court's final judgment appears in two documents, the October 26, 2016 Declaratory Judgment and the November 10, 2016 Order Granting Summary Judgment.  The October 26, 2016 Declaratory Judgment is **REVERSED**, in part, and judgment is **RENDERED** declaring that:

Patricia Hernandez's will, through the residuary clause in Paragraph IV, conveyed the property in fee simple determinable to Arturo Hernandez with an executory interest to Eric Farley in fee simple absolute.

In all other respects the October 26, 2016 Declaratory Judgment is **AFFIRMED**.  The November 10, 2016 Order Granting Summary Judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 24th day of January, 2018.